# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

KRISTOPHER JOLLY and CHERYL
JOLLY, is wife; JEREMY LEE and
AMY LEE, his wife; MATTHEW
CIPRIANI; SHAWN O'SHELL and
MALISSA O'SHELL, his wife; PAUL
MASCI and ANGELA MASCI his wife;
NICHOLAS GETTLER; LANDON
SIMMONS and SARAH SIMMONS,
his wife, SAMUEL L. BANKS, and
AMANDA BANKS, his wife, WILLIAM
REED and HOLLY EED, his wife;
And WESLEY MILLER and
SHANNON MILLER, his wife,

CIVIL ACTION NO:

    Plaintiffs,

vs.

HOEGH AUTOLINERS SHIPPING AS;
HOEGH AUTOLINERS MANAGEMENT
AS; HOEGH AUTOLINERS INC.;
HORIZON TERMINAL SERVICES,
LLC; GRIMALDI DEEP SEA S.P.A.,
and SSA ATLANTIC, LLC,

    Defendants.
_____/

## NOTICE OF AND PETITION FOR REMOVAL

Defendants Hoegh Autoliners Shipping AS ("Shipping"), and Hoegh Autoliners Management AS ("Management"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, remove this action to the United States District Court for the Middle District of Florida, Jacksonville, Division, and in support hereof state:

1. This action is removed to the United States District Court, Middle District of Florida, Jacksonville Division, on grounds that this Court has original jurisdiction based upon diversity of citizenship of the parties and the requisite jurisdictional amount, pursuant to 28 U.S.C. §1332(a)(1).

2. This action was originally filed in the Circuit Court for the Fourth Judicial Circuit, in and for Duval County, Florida, as Case No. 2020-CA-004974.

3. This Notice of Removal is being filed within thirty (30) days after service of the Complaint herein on Shipping and Management, such service being accepted by counsel for Shipping and Management on September 22, 2020, and therefore is timely removed. 28 U.S.C. §1446(b).

## I. Parties

4. Defendants Shipping and Management are Norwegian corporations with principal place of business in Oslo, Norway, as alleged in the Amended Complaint.

5. As will be shown more fully below, Defendant Hoegh Autoliners, Inc. ("Autoliners") is fraudulently joined as a Defendant. Autoliners is a New York registered corporation with its principal place of business at 2615 Port Industrial Drive, Suite 405 Jacksonville, Florida 32226. This Defendant has nothing to do with the subject matter of this litigation, there is no possibility that Plaintiffs can recover against Autoliners, and it has been fraudulently joined in a specific effort to defeat diversity jurisdiction. As such, Autoliners should be disregarded in the removal of this action.

6. Defendant Horizon Terminal Services, LLC ("Horizon") is a limited liability company whose sole member, Hoegh Autoliners, B.V., is domiciled in the Netherlands and cannot be charged with Florida citizenship for purposes of diversity jurisdiction.

7. Defendant Grimaldi Deep Sea S.P.A. ("Grimaldi") is an Italian corporation with principal place of business in Naples, Italy, as alleged in the Amended Complaint.

8. Defendant SSA Atlantic, LLC is a limited liability corporation organized and existing under the laws of the State of Delaware. SSA Atlantic, LLC's sole member is SSA Atlantic Holdings, Inc. SSA Atlantic Holdings, Inc. is a corporation organized and existing under the laws of the State of South Carolina. SSA Atlantic Holdings, Inc.'s principal place of doing business is at 1131 Southwest Klickitat Way, Seattle, Washington 98134.

9. Plaintiffs are citizens of the state of Florida.

## II. Defendants Horizon and Autoliners are Fraudulently Joined and Do Not Defeat Diversity Jurisdiction

10. Two of the six named Defendants (Horizon and Autoliners) are alleged in the Amended Complaint to have principal places of business in Florida. (Am. Compl. ¶¶ 11, 12.) However, these allegations are in error or are otherwise not controlling and should not be allowed to defeat diversity jurisdiction. See, e.g., *Scoggins v. Pollock*, 727 F.2d 1025, 1027 (11th Cir. 1984) (acknowledging district court's role in piercing inaccurate jurisdictional pleadings and determining veracity of factual claims controlling jurisdiction).

11. As noted above, Horizon is an LLC whose sole member is domiciled in the Netherlands. Decl. of Patrick Tamasitis (attached as **Exhibit A**). For purposes of diversity jurisdiction the citizenship of Horizon is therefore the Netherlands as the citizenship of a limited liability company is determined solely by the citizenship of its members. See, *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020 (11th Cir. 2004) (for purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen).

12. Plaintiffs have fraudulently joined Defendant Autoliners in an effort to defeat diversity jurisdiction. The Court therefore should disregard Autoliners in determining that it has diversity jurisdiction over this matter, since Autoliners had no possible connection to this litigation and was joined in error. See *Legg v. Wyeth*, 428 F.3d 1317 (11th Cir. 2005).

13. Fraudulent joinder may be found (i) when there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant, or (ii) when there is outright fraud in the plaintiffs' pleading of jurisdictional facts, or (iii) when a diverse defendant is joined with a non-diverse defendant under circumstances where there is no joint, several, or alternative liability, and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); *Tran v. Waste Management, Inc.*, 290 F.Supp. 2d 1286, 1292 (M.D. Fla. 2003); *Estate of Ayres v. Beaver*, 48 F.Supp. 2d 1335, 1340-41 (M.D. Fla. 1999). "Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action. A defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'" *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), overruled on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11the Cir. 2000).

14. Plaintiffs' Amended Complaint attempts to allege a claim for negligence against Defendant Autoliners in Count III. "To establish a claim of negligence, a plaintiff must show '(1) that defendant owed plaintiff a duty; (2) that defendant breached that duty; (3) that this breach was the proximate cause of plaintiffs injury; and (4) that plaintiff suffered damages.'" *Kadylak v. Royal Caribbean Cruise, Ltl*, 167 F.Supp.3d 1301 (S.D.Fla. 2016) citing *Isbell v. Carnival Corp.*, 462 S.Supp.2d 1232, 1236 (S.D.Fla. 2006). "Four elements must be proven to recover for negligence:

duty, breach of duty, causation, and damages." *Muhs v. River Rats, Inc.*, 586 F.Supp.2d 1364 (S.D.Ga. 2008) citing *City of Douglasville v. Queen*, 514 S.E.2d 195 (1999).

15. Plaintiffs' Amended Complaint fails to satisfy the required standards for pleading such a claim against Hoegh Autoliners. As set forth in the Declaration of Shane Warren (attached as **Exhibit B**), Hoegh Autoliners, Inc., had no involvement with M/V Hoegh Xiamen at the time of the events alleged in the Complaint, including the fire alleged to have occurred on or about June 4, 2020, because at all such times M/V Hoegh Xiamen was under time charter to Grimaldi Lines. Under the circumstances here, where Grimaldi Lines had chartered the vessel under a time charter party, Hoegh Autoliners Inc., did not take any actions related to management of the vessel, shoreside support, and/or actions related to the vessel's cargo, including but not limited to, obtaining, soliciting, receiving, storing, planning or preparing any cargo for the vessel, or facilitating the transportation of any such cargo. Hoegh Autoliners, Inc. was in no way involved in any of those activities, or any other operational aspects of the Hoegh Xiamen. Accordingly, the allegations made against Hoegh Autoliners, Inc., set forth in the Complaint are false. See Dec'l of Shane Warren.

16. Accordingly, Defendant Autoliners, for purposes of determining the jurisdiction of this Court under 28 U.S.C. §1332, and for purposes of determining the removability of this case under 28 U.S.C. §1441, should be disregarded as its presence in the suit is a fraudulent joinder under the law, and cannot be used to defeat diversity jurisdiction.

17. Based upon the type of claims made in this case and the relief sought, i.e., negligence resulting in injuries and losses, it is facially apparent from the Complaint that the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorney's fees. The Amended Complaint states in its first paragraph: "This is an action for damages in excess of

$75,000.00 exclusive of interest and costs." Amended Compl. at 1 (attached as **Exhibit C** as part of all state-court documents).

### III. This Case Presents Issues of Federal Maritime Law

18. The Amended Complaint alleges injuries to firefighters aboard a ship in navigable waters. As such it alleges a maritime tort under the general maritime law of the United States. See, e.g., In re Dearborn Marine Service, Inc., 499 F.2d 263 (5th Cir. 1974) (suits by landsmen injured aboard ship in navigable waters have traditionally been within maritime jurisdiction). While not the basis of removal, this case presents federal questions and the application of federal maritime law, over which this court would have had original jurisdiction under 28 U.S.C. §1333.

### IV. Removal from State Circuit Court

19. Pursuant to 28 U.S.C. §1446(A) and local Rule 4.02(b), true and legible copies of all process, pleadings, orders, and other papers or exhibits of every kind now on file in the state court action are contemporaneously filed herewith.

20. A copy of this Notice of Removal has been filed with the state court from which this action has been removed, thereby effecting the removal of this case from that court.

21. Pursuant to 28 U.S.C.§1446(b)(2)(A), all Defendants properly joined and served in this matter join and consent to the removal, as evidenced by the Consent to Removal executed by counsel for the properly joined and served Defendants, collectively attached hereto as **Exhibit D**.

### V. Conclusion

It is apparent from the record, including the Amended Complaint and affidavits supporting this removal, and from the applicable law, that removal of this cause to federal court on the basis of diversity jurisdiction is just and proper.

MOSELEY, PRICHARD, PARRISH,
KNIGHT & JONES

By: _____
James M. Moseley, Jr. (Trial Counsel)
Florida Bar No. 699926
MOSELEY PRICHARD PARRISH
KNIGHT & JONES
501 West Bay Street
Jacksonville, FL 32202
Tele: (904) 356-1306
Email: jmoseleyjr@mppkj.com
Shea M. Moser
Florida Bar No. 501875
Email: smoser@mppkj.com