**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KRISTOPHER JOLLY, et al.,

    Plaintiffs,

v.                                                  Case No. 3:20-cv-1150-J-34PDB

HOEGH AUTOLINERS SHIPPING AS,
et al.,

    Defendants.

---

**O R D E R**

    **THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Currently pending in this case are three motions to dismiss filed by four of the six Defendants (Docs. 15-17).  The other two Defendants filed "notices of joinder" purporting to join in all or parts of the pending motions to dismiss.  <u>See</u> Defendant, Hoegh Autoliners, Inc.'s Joinder in Motions to Dismiss, to Strike, and for More Definite Statement (Doc. 19; Hoegh Notice); Defendant Horizon Terminal Services, LLC's Notice of Joinder as to Co-Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint (Doc. 22; Horizon Notice) (collectively, Notices of Joinder).  In addition, the Court notes that in the motion to dismiss filed by Defendants Hoegh Autoliners Shipping AS (Hoegh Shipping) and Hoegh Autoliners Management AS (Hoegh Management), these Defendants assert that "[t]o the extent other Defendants file a motion to dismiss," then Hoegh Shipping and Hoegh Management "adopt the grounds for a motion to dismiss as if set forth fully herein."  <u>See</u> Defendants Hoegh Autoliners Shipping AS and Hoegh Autoliners Management AS Motion to Dismiss First Amended Complaint or in the Alternative Motion to Strike or for more Definite Statement (Doc. 16;

Hoegh Motion) at 3. However, these attempts to join or adopt the motions of other Defendants are improper and due to be stricken in that adopting and incorporating by reference the arguments of other Defendants violates Local Rule 3.01(a), United States District Court, Middle District of Florida (Local Rule(s)) and places an undue burden on judicial resources.

As aptly explained in Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC, 845 F. Supp. 2d 1241 (M.D. Fla. 2012), incorporation by reference "foists upon the Court the burden of sifting through irrelevant materials to find the materials referenced while permitting the movant to circumvent this Court's page limit requirement." See Mobile Shelter, 845 F. Supp. 2d at 1253 aff'd in part, 505 F. App'x 928 (11th Cir. 2013).[1] Significantly, the page limit requirement is not designed to burden the parties, but to conserve judicial resources by "focus[ing] the parties' attention on the most pressing matters and winnow[ing] the issues to be placed before the Court . . . ." Id. at 1253. By wholesale joining in each other's arguments, Defendants have done no "winnowing" and instead have engaged in a "throw-the-spaghetti-and-see-what-sticks motion practice [which] leads to imprecise and inartful briefing." See Gov't Employees Ins. Co. v. Path Medical, Case No. 8:17-cv-2848-T-17TGW, ECF No. 79 at 2 (M.D. Fla. entered Mar. 2, 2018) (order denying motions to dismiss without prejudice).

---

[1] The Court notes that incorporating by reference the arguments set forth in other documents also violates Local Rule 3.01(a)'s requirement that a movant shall include its request for relief, basis for the request and supporting legal authority in a "single document." See Local Rule 3.01(a) ("In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a single document not more than twenty-five (25) pages." (emphasis added)).

For example, in its Notice of Joinder, Defendant Hoegh Autoliners, Inc. "adopts and incorporates by this reference <u>in full</u> the motions" of the other Defendants.  <u>See</u> Hoegh Notice at 1-2 (emphasis added).  However, upon preliminary review of the motions to dismiss, it appears that while some of the arguments are generally applicable to all Defendants, other arguments are specific to the individual Defendant who filed the motion.  Thus, it appears that some of the arguments Hoegh Autoliners, Inc. seeks to adopt would not apply to it, but it would fall to the Court to sift through the briefing to determine which arguments are potentially relevant to Hoegh Autoliners, Inc., and extrapolate how such arguments might apply in a different context to a different Defendant.   This is not a proper or efficient use of judicial resources.[2]   The same can be said of Hoegh Management and Hoegh Shipping's attempt to incorporate, sight unseen, the arguments raised in the motions to dismiss of other Defendants.[3]

Accordingly, the Court will strike the Notices of Joinder and provide those Defendants with the opportunity to file their own motions which set forth the entirety of their arguments.   As to the Hoegh Motion, the Court will provide Defendants Hoegh Shipping

---

[2] Hoegh Autoliners, Inc. also references the Notice of Removal and states that it is "not a proper party to this action as it had no involvement whatsoever in the claims set forth in the Amended Complaint." <u>See</u> <u>id.</u> at 2; <u>see</u> <u>also</u> Notice of Removal (Doc. 1) at 3-5 (asserting that Hoegh Autoliners, Inc. is fraudulently joined in this action).   However, as the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333, the Court has no occasion to determine whether Hoegh Autoliners, Inc. is properly joined to this action absent an appropriate motion.

[3] The Court observes that in its notice, Defendant Horizon Terminal Services, LLC does attempt to limit its joinder to only those arguments that would be generally applicable to all Defendants.  <u>See</u> Horizon Notice at 2.  Nevertheless, to the extent Horizon seeks to dismiss the claims against it for failure to state a claim under Rule 12(b)(6), Horizon must file an appropriate motion seeking this relief.

and Hoegh Management the opportunity to file an amended motion which sets out the entirety of their arguments.[4]   Accordingly, it is

**ORDERED:**

1. Defendant, Hoegh Autoliners, Inc.'s Joinder in Motions to Dismiss, to Strike, and for More Definite Statement (Doc. 19) and Defendant Horizon Terminal Services, LLC's Notice of Joinder as to Co-Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint (Doc. 22) are **STRICKEN**.

2. Defendants Hoegh Autoliners, Inc. and Horizon Terminal Services, LLC shall have up to and including **November 19, 2020**, to file proper motions to dismiss, if they so choose, which set forth the entirety of their arguments..

3. Defendants Hoegh Autoliners Shipping AS and Hoegh Autoliners Management AS shall have up to and including **November 19, 2020**, to file an amended motion to dismiss which sets forth the entirety of their arguments, if they so choose.

**DONE AND ORDERED** in Jacksonville, Florida this 5th day of November, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record

---

[4] The Court is not terminating the currently pending motion.   As such, if Hoegh Shipping and Hoegh Management do not file an amended motion by the deadline set forth in this Order, the Court will proceed to consider the motion as filed without reference to any "adopted" arguments.  If on the other hand these Defendants do file an amended motion, the Court will terminate the pending motion and await completion of briefing on the newly filed amended motion.