**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KRISTOPHER JOLLY, et al.,

    Plaintiffs,

v.                                                           Case No.  3:20-cv-1150-MMH-PDB

HOEGH AUTOLINERS SHIPPING
AS, et al.,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Remand to State Court with Incorporated Memorandum of Law (Doc. 29; Motion to Remand), filed on November 9, 2020.  On November 23, 2020, Defendants filed responses in opposition to the Motion to Remand.  See Defendant Hoegh Autoliners, Inc.'s Opposition to Plaintiffs' Motion to Remand (Doc. 41; HAI Response); Defendant Grimaldi Deep Sea S.P.A.'s Response in Opposition to Plaintiffs' Motion to Remand to State Court (Doc. 43; Grimaldi Response); Defendant's Response to Plaintiffs' Motion to Remand (Doc. 44; SSA Response); Defendants Hoegh Autoliners Shipping AS and Hoegh Autoliners Management AS' Opposition to

Plaintiffs' Motion to Remand to State Court (Doc. 45; Hoegh AS Response).[1] In addition, on November 10, 2020, Defendants Hoegh Autoliners Shipping AS and Hoegh Autoliners Management AS filed a motion requesting leave to amend their Notice of and Petition for Removal (Doc. 1; Notice of Removal). See Hoegh Autoliners Shipping AS and Hoegh Autoliners Management AS' Motion for Leave to File Amneded [sic] Notice of Removal (Doc. 31; Motion to Amend). Plaintiffs oppose this request. See Plaintiffs' Response in Opposition to Defendants Hoegh Autoliners Shipping & Management's Motion for Leave to File Amended Notice of Removal with Incorporated Memorandum of Law (Doc. 31) (Doc. 32; Response to Motion to Amend) filed November 17, 2020. The parties' dispute over the propriety of the removal and this Court's jurisdiction over this matter is ripe for review.

**I.     Background and Procedural History**

This case arises out of a fire and explosion that occurred on June 4, 2020, aboard the M/V Hoegh Xiamen while it was docked at the Jacksonville Port Authority's (JaxPort's) Blount Island Marine Terminal. See First Amended Complaint (Doc. 5; Amended Complaint) ¶ 5. According to the Amended Complaint, the fire appears to have originated in the "approximately 1,500

---

[1] The Court notes that Defendants also filed a joint request for oral argument on the Motion to Remand. See Defendants' Joint Request for Oral Argument (Doc. 42), filed November 23, 2020. However, upon review of the briefs, the Court does not find oral argument to be necessary to the resolution of the Motion to Remand.

used/junk/wrecked cars" that had been loaded onto the M/V Hoegh Xiamen. See id. ¶¶ 15, 21-24. Plaintiffs are firefighters or paramedics with the Jacksonville Fire & Rescue Department (JFRD) who were injured in the fire and explosion, as well as some of their spouses who assert claims for a loss of consortium. Id. ¶¶ 5-6. Plaintiffs initiated this action in state court on September 1, 2020, see Complaint (Doc. 1-8), and filed the operative pleading, the Amended Complaint, in state court on October 5, 2020. Defendants Hoegh Autoliners Shipping AS and Hoegh Autoliners Management AS (the Hoegh AS Defendants) removed the matter to this Court, with the consent of the other Defendants, on October 9, 2020.[2] See Notice of Removal ¶ 3. In the Notice of Removal, the Hoegh AS Defendants assert that this Court "has original jurisdiction based upon diversity of citizenship of the parties and the requisite jurisdictional amount, pursuant to 28 U.S.C. § 1332(a)(1)." See Notice of Removal ¶ 1.

Significantly, the allegations in the Amended Complaint do not support the Court's exercise of diversity jurisdiction over this action. Plaintiffs, who are all citizens of Florida, allege that two of the Defendants, Hoegh Autoliners, Inc. (HAI) and Horizon Terminal, LLC, are also Florida citizens. See Amended Complaint ¶¶ 4, 11-12. According to Plaintiffs, Defendant HAI is "a New York for profit corporation, with its principle place of business in Florida," and

---

[2] Plaintiffs served the Hoegh AS Defendants on September 22, 2020. See Notice of Removal ¶ 3.

Defendant Horizon Terminal Services, LLC is "a Delaware for profit corporation with its principle place of business in Florida . . . ." See id. ¶¶ 11-12. Despite these allegations, in the Notice of Removal, the Hoegh AS Defendants assert that the Court has diversity jurisdiction over this case. See Notice of Removal ¶¶ 1, 10. As to Horizon Terminal, LLC, the Hoegh AS Defendants contend that this limited liability company is not a citizen of Florida as alleged, but rather holds the citizenship of its sole member, Hoegh Autoliners, B.V., an entity "domiciled in the Netherlands." See id. ¶¶ 6, 10-11, Ex. A: Declaration of Patrick Tamasitis (Doc. 1-1) ¶ 3.

Additionally, the Hoegh AS Defendants assert that the Court should disregard the citizenship of HAI because it "had no possible connection to this litigation and was joined in error." See Notice of Removal ¶¶ 12-14. In support, the Hoegh AS Defendants attach the Declaration of Shane Warren (Doc. 1-2; Warren Decl.), an HAI executive, who avers that HAI had no involvement with the M/V Hoegh Xiamen at the time of the events at issue in this lawsuit, including the June 4, 2020 fire, "because at all such times the vessel was under time charter to Grimaldi Lines." See Warren Decl. ¶ 4. Thus, based on the doctrine of fraudulent joinder, the Hoegh AS Defendants contend that HAI's Florida citizenship does not defeat diversity jurisdiction. See Notice of Removal ¶¶ 12-16.

4

On November 6, 2020, the Court held a telephonic status conference with all parties to discuss the Court's jurisdiction. See Minute Entry (Doc. 28). Among other things, the Court explained that it was unable to determine Horizon's citizenship based on the allegation that its sole member, Hoegh Autoliners BV, was "domiciled" in The Netherlands because this allegation did not identify the principal place of business of that entity. Following the Court's inquiry, Horizon filed a notice on November 9, 2020, clarifying that Hoegh Autoliners BV is registered in The Netherlands and maintains its principal place of business there as well. See Defendant, Horizon Terminal Services, LLC's Notice of Filing Amended Declaration in Support of Notice of Removal (Doc. 30), Ex. A: Amended Declaration of Patrick Tamasitis ¶¶ 3-4. The next day, the Hoegh AS Defendants filed the Motion to Amend requesting leave to amend the Notice of Removal to include the Amended Tamasitis Declaration. See Motion to Amend at 1, 9.

In the Motion to Remand, Plaintiffs argue that the removal is defective because the Hoegh AS Defendants failed to properly allege Horizon's citizenship and "this is not the type of defect that can be cured after the removal deadline." See Motion to Remand at 5-6. In addition, Plaintiffs submit a JaxPort Public Safety Reimbursement Invoice listing charges related to the fire and naming HAI as the "Agent." See id., Ex. 1. Plaintiffs contend that this document creates a disputed issue of fact regarding HAI's involvement with the M/V Hoegh

5

Xiamen. See Motion to Remand at 7.³ As such, Plaintiffs maintain that it is at least possible Plaintiffs have a valid cause of action against HAI such that the Court should reject the fraudulent joinder contention and remand the case to state court. See id. at 9. For the reasons set forth below, the Court finds Plaintiffs' Motion to Remand is due to be denied.

## II. Horizon Terminal Services, LLC

On the current record, it is undisputed that Horizon Terminal Services, LLC is a citizen of The Netherlands for purposes of diversity jurisdiction because its sole member, Hoegh Autoliners BV, is registered in The Netherlands and maintains its principal place of business there as well. See Amended Tamasitis Declaration ¶¶ 3-4; see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen."); Boumatic, LLC v. Idento Operations, BV, 759 F.3d 790, 791 (7th Cir. 2014) (finding that a "Netherlands BV" business entity is properly classified as a corporation for purposes of 28 U.S.C. § 1332); 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."). Thus, Horizon's presence in this lawsuit does

---

³ Plaintiffs also raise an alter ego theory in support of remand, however, for the reasons noted below, the Court rejects this argument. See infra note 5.

6

not destroy diversity jurisdiction. Nevertheless, Plaintiffs contend that remand is warranted because the failure to properly allege the specific facts necessary to establish Horizon's citizenship in the Notice of Removal is an incurable defect in the removal procedure. See Motion to Remand at 5-6; see also Response to Motion to Amend at 4-9 (relying primarily on Hill v. Gen Motors Corp., 654 F. Supp. 61, 63 (S.D. Fla. 1987) and Denton v. Wal-Mart Stores, Inc., 733 F. Supp. 340, 341 (M.D. Fla. 1990)).

Upon review of the applicable authority, the Court finds this argument to be unavailing. Indeed, in D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co., 608 F.2d 145 (5th Cir. 1979),[4] the former Fifth Circuit Court of Appeals rejected the proposition that failure to specifically allege citizenship was a "fatal omission which cannot be cured by amendment" and affirmed the district court's decision to deny a motion to remand and allow the defendant to cure its faulty citizenship allegations. See D.J. McDuffie, Inc., 608 F.2d at 146-47; 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); see also Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009) ("If a party fails to specifically allege citizenship in their notice of removal, the district should allow

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

7

that party 'to cure the omission,' as authorized by [28 U.S.C.] § 1653."); Finger v. State Farm & Cas. Co., No. 10-00192-KD-B, 2010 WL 3306913, at *2-3 (S.D. Ala. July 30, 2010) adopted by 2010 WL 3306905 (S.D. Ala. Aug. 19, 2010); Rossi, Turecamo & Co., Inc. v. Best Resume Serv., Inc., 497 F. Supp. 437, 441 (S.D. Fla. 1980); cf. Stone v. Bank of New York Mellon, N.A., 609 F. App'x 979, 981 (11th Cir. 2015) (finding defendant cured a technical defect in its removal procedures through its opposition to the motion to remand). Notably, the cases on which Plaintiffs rely neither acknowledge nor attempt to distinguish the binding precedent in D.J. McDuffie, and as such, the Court is not persuaded by their reasoning. Moreover, Plaintiffs provide no explanation as to how amending the Notice of Removal to clarify the citizenship allegation at this early stage of the proceedings could be "extremely prejudicial" to them. See Response to Motion to Amend at 3. Accordingly, the Court will grant the Motion to Amend and accept the Amended Tamasitis Declaration as part of the Notice of Removal.

**III.     Hoegh Autoliners, Inc.**

For removal to be proper under 28 U.S.C. § 1441 and § 1332, there must be complete diversity between the plaintiff and the named defendants, and no defendant can be a citizen of the state in which the action was brought. See 28 U.S.C. § 1441(b). Here, Plaintiffs and HAI are citizens of Florida. Thus, on the face of the pleadings, removal is improper because the parties are not diverse and because at least one defendant is a citizen of the state in which the action

8

is brought. However, an action may be removable if the joinder of the non-diverse defendant is fraudulent. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). "Fraudulent joinder is a judicially created doctrine which provides an exception to the requirement of complete diversity." Id. If a court finds that a defendant is fraudulently joined, it "must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." Florence v. Crescent Res., LLC, 484 F.3d 1293, 1297 (11th Cir. 2007).

A defendant is fraudulently joined "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." Triggs, 154 F.3d at 1287 (emphasis added). Indeed, in reviewing a claim of fraudulent joinder based upon the contention that the plaintiff can prove no cause of action against the non-diverse defendant, the Eleventh Circuit has advised that "the federal court's analysis 'must be limited to determining whether Plaintiffs have even an arguable claim. So, any ambiguity or doubt about the state substantive law favors remand to state court.'" Florence, 484 F.3d at 1298-99 (quoting Crowe v. Coleman, 113 F.3d 1536, 1539 (11th Cir. 1997)). Nevertheless, "[t]he potential for legal liability 'must be reasonable, not merely theoretical.'" Legg v. Wyeth, 428 F.3d 1317, 1325 n. 5 (11th Cir. 2005) (quoting Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)). Regarding the procedure for resolving a fraudulent joinder claim, the Eleventh Circuit has instructed that:

9

> "[t]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, <u>supplemented by any affidavits and deposition transcripts submitted by the parties</u>." <u>Pacheco de Perez v. AT&T Co.</u>, 139 F.3d 1368, 1380 (11th Cir.1998) (emphasis added). The proceeding appropriate "for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b)." <u>Crowe v. Coleman</u>, 113 F.3d 1536, 1538 (11th Cir.1997) (quoting <u>B, Inc. v. Miller Brewing Co.</u>, 663 F.2d 545, 549 n. 9 (5th Cir. Unit A 1981)). In such a proceeding, the district court must "resolve all questions of fact . . . in favor of the plaintiff." <u>Cabalceta v. Standard Fruit Co.</u>, 883 F.2d 1553, 1561 (11th Cir.1989).

<u>Legg</u>, 428 F.3d at 1322-23 (emphasis in original).

## IV. Discussion

In the Amended Complaint, Plaintiffs assert one claim, for negligence, against HAI. See Amended Complaint, Ct. III. Plaintiffs allege that "Horizon <u>and/or</u> Hoegh Autoliners were responsible for obtaining, inspecting, organizing, storing, and preparing the wrecked/junked cars for transport on the Hoegh Xiamen as well as providing any shoreside support required by the vessel." Id. ¶ 60 (emphasis added).[5] According to Plaintiffs, these Defendants had a duty to "ensure that the vehicles being loaded onto the ship were safe for transport," and "Horizon <u>and/or</u> Hoegh Autoliners negligently breached their duties of

---

[5] In the factual background, Plaintiffs identify Horizon as the entity "responsible for obtaining, inspecting, organizing, and preparing the used/junk/wrecked cars portside for safe loading and transport on the Hoegh Xiamen." Id. ¶ 12. Plaintiffs describe HAI as "the local arm of Hoegh Shipping" which "assisted with management of the ship and shore operations . . . ." Id. ¶ 11.

10

reasonable care" in several ways. Id. ¶¶ 61-62 (emphasis added).  Generally, Plaintiffs assert that Horizon and/or HAI failed to: 1) "maintain and/or prepare" the vehicles for safe transport, 2) "adequately inspect and test" the vehicles for fitness to be transported prior to loading; 3) ensure that the batteries were disconnected or removed before loading; 4) ensure that the fuel tanks were intact and/or empty before loading; 5) drain, disconnect or remove gasoline, batteries or other sources of spark from the vehicles; and 6) supply sufficient tools to extinguish a cargo fire "during loading operations." Id. ¶ 62. Plaintiffs allege that "Horizon and/or Hoegh Autoliners' breach" of one or more of the above duties caused Plaintiffs' injuries. Id. ¶ 63 (emphasis added).

In the Warren Declaration, Defendants present evidence directly contradicting these allegations. Warren maintains that because the vessel was under a time charter, HAI "would have no involvement in any aspect of the operation of the vessel." Id. ¶ 5. More specifically, according to Warren, HAI:

> did not take any actions related to management of the vessel, shoreside support, and/or actions related to the vessel's cargo, including but not limited to, obtaining, soliciting, receiving, storing, planning or preparing any cargo for the vessel, or facilitating the transportation of any such cargo. Hoegh Autoliners, Inc. was in no way involved in any of those activities, or any other operational aspects of the Hoegh Xiamen.

See Warren Decl. ¶ 5.

Plaintiffs respond to this evidence with a document titled "JaxPort Public Safety Reimbursement Invoice" (the Invoice). See Motion to Remand, Ex. 1.

11

The Invoice sets out "public safety" labor and equipment charges related to the "Hoegh Xiamen Operation" beginning June 4, 2020, at 4:00 pm., around the time the fire allegedly began, through midnight on June 11, 2020, at which time the fire had finally subsided.  See Invoice; see also Amended Complaint ¶¶ 25, 32, 44 (alleging the fire broke out the afternoon of June 4, 2020, describing JFRD log entries referring to the fire as of 4:10 p.m., and asserting that the vessel "continued to smolder and burn for the next eight days").  The "Agent Name" identified on the Invoice is "David Williams Dir. Operations – Hoegh Autoliners Inc."  See id.  According to Plaintiffs, this is evidence that "JaxPort billed [Hoegh Autoliners, Inc.] for the cleanup efforts, strongly suggesting this Defendant was involved and at least partially responsible."  See Motion to Remand at 7.  Given the purported "conflict between the [Amended Complaint], the [Warren Declaration], and the [I]nvoice," Plaintiffs maintain that "Defendants cannot meet their high burden to demonstrate fraudulent joinder . . . ."  Id. at 7.[6]

In its Response, Hoegh Autoliners, Inc. provides the Declaration of David Williams, the individual named on the Invoice, and the "Head of Operations,

---

[6] In the Motion to Remand, Plaintiffs also assert that HAI may be an "alter ego" of Horizon because the two entities share an address and a liability insurance policy.  See Motion to Remand at 8, Ex. 2.  However, Plaintiffs do not raise an alter ego theory of liability in the Amended Complaint, nor do they allege any facts in the Amended Complaint that could support HAI's liability on this basis.  As such, Plaintiffs cannot rely on this entirely new legal theory to defeat a finding of fraudulent joinder.  See Ferguson v. Easton Tech. Prods., Inc., No. 5:13-cv-01931-SGC, 2015 WL 9268149, at *8-9 (N.D. Ala. Dec. 21, 2015) (collecting cases).

Region Americas for Hoegh Autoliners, Inc." See HAI Response, Ex. B: Declaration of David Williams (Williams Decl.) ¶ 2; see also Invoice.[7] Williams reiterates the statements in the Warren Declaration that, due to the time charter, "Hoegh Autoliners, Inc. had no involvement with the vessel . . . ." See Williams Decl. ¶ 4. According to Williams, "Hoegh Autoliners, Inc.'s first involvement with the M/V Hoegh Xiamen came after the fire had occurred," and that involvement related "solely to post-fire activities, such as assisting with unloading the damaged cargo, post-fire premises security, and arrangements for storing the damaged cargo." Id. ¶ 5. Williams states that HAI "was asked to assist in post-fire efforts because of its awareness and knowledge of local government entities and persons." Id.

Based on the pleadings at the time of removal, as supplemented by the evidence summarized above, the Court finds that Defendants have met their burden of establishing fraudulent joinder. See Legg, 428 F.3d at 1322. Notably, Plaintiffs do not allege that HAI is the owner or manager of the M/V Hoegh Xiamen, nor do Plaintiffs contend that HAI was in possession or control of the vessel during the events in question. See Amended Complaint ¶¶ 7, 9, 11, 19.

---

[7] Despite being named on the Invoice, Williams states in his Declaration that he does not recall having ever seen it before, and because it "is not in the form of an invoice that Hoegh Autoliners, Inc. routinely receives from JaxPort for other matters," he "cannot be sure that it is in fact an invoice at all." See Williams Decl. ¶ 6. While Plaintiffs make no effort to authenticate this document or explain its origins, the Court will accept for purposes of the instant Motion that the document is authentic.

Indeed, Plaintiffs assert that Defendant Grimaldi Deep Sea S.P.A. was operating the ship at the time pursuant to a time charter. See id. ¶¶ 13, 20. As set forth in the Amended Complaint, HAI's alleged connection to the fire is solely its purported role as a local subsidiary of the Hoegh AS Defendants that performed "shoreside support work to obtain, store, prepare and facilitate the transportation of the wrecked/used/junked cars on Hoegh ships leaving out of JaxPort, including specifically the Hoegh Xiamen." See id. ¶¶ 11, 59. However, in their Declarations, Warren and Williams unequivocally state, under penalty of perjury, that because of the time charter HAI had no involvement in any of the pre-fire loading activities which form the basis of Plaintiffs' claim against HAI. Compare Warren Decl. ¶ 5; Williams Decl. ¶ 4 with Amended Complaint ¶¶ 59-63. In the face of this evidence, Plaintiffs do no more than speculate, based on the Invoice, that HAI may have had some responsibility for the M/V Hoegh Xiamen prior to the fire. See Motion to Remand at 6-10. But, at most, the Invoice shows only that HAI was involved in operations related to the M/V Hoegh Xiamen after the fire began, consistent with the representations in the Williams Declaration. Nothing in the Invoice undermines, contradicts or raises an issue of fact regarding the statements in the Williams and Warren Declarations. Thus, while the Court is required to resolve all questions of fact in Plaintiffs' favor, on this record, there is no "disputed fact" or question of credibility for the Court to resolve. Compare Legg, 428 F.3d at 1323 (finding

14

plaintiffs' evidence did not rebut pharmaceutical sales representative's sworn statement that she had no knowledge of the drug's dangerous side effect) and <u>Shannon v. Albertelli Firm, P.C.</u>, 610 F. App'x 866, 871-72 (11th Cir. 2015) <u>with Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.</u>, 436 F. App'x 888, 892 (11th Cir. 2011) (finding evidence sufficient to raise a credibility issue where plaintiffs showed that defendant was the operations manager and last one to leave the premises prior to the fire such that "[the defendant's] responsibilities together with the circumstances of the fire <u>might</u> be sufficient to demonstrate his personal participation in the tort despite his testimony to the contrary") and <u>Pacheo de Perez v. AT&T Co.</u>, 139 F.3d 1368, 1380-81 (11th Cir. 1998) (finding no fraudulent joinder where plaintiff named the individuals responsible for planning and surveying the site of the explosion, even if defendants may ultimately show that intervening events severed any causal connection). Thus, the Court finds that Plaintiffs have no possible cause of action against HAI based on the pre-fire loading and shoreside operations because HAI was not involved in any capacity with those activities.

Accordingly, it is

**ORDERED**:

1. Hoegh Autoliners Shipping AS and Hoegh Autoliners Management AS' Motion for Leave to File Amneded [sic] Notice of Removal (Doc. 31) is **GRANTED**. The Court **accepts** the Amended Declaration of

Patrick Tamasitis (Doc. 31-1) as part of the Notice of Removal (Doc. 1).

2. Plaintiffs' Motion to Remand to State Court with Incorporated Memorandum of Law (Doc. 29) is **DENIED**.

3. The non-diverse Defendant Hoegh Autoliners, Inc. is **dismissed** from this case without prejudice.

4. The Clerk of Court is **directed** to terminate Defendant Hoegh Autoliners, Inc.

5. Defendant Hoegh Autoliners, Inc.'s Motion to Dismiss (Doc. 38) is **DENIED as moot**.

**DONE AND ORDERED** at Jacksonville, Florida, on March 29, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record