**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KRISTOPHER JOLLY, et al.,

      Plaintiffs,

v.                                            Case No. 3:20-cv-1150-MMH-PDB

HOEGH AUTOLINERS SHIPPING
AS, et al.,

      Defendants.
_____/

**ORDER**

    **THIS CAUSE** is before the Court on Defendants' SSA Atlantic, LLC's, Hoegh Autoliners, Inc.'s and Horizon Terminal Services, LLC Motion to Stay Discovery and Memorandum of Law in Support Thereof (Doc. 50), filed on December 9, 2020, and Defendants' Hoegh Autoliners Shipping AS and Hoegh Autoliners Management AS, Motion to Stay Discovery and Brief in Support (Doc. 53), filed on December 10, 2020 (Motions to Stay). In the Motions to Stay, Defendants request that the Court stay discovery in this matter until the Court rules on pending motions to dismiss. Plaintiffs oppose the Motions to Stay. See Plaintiffs' Opposition to Defendants SSA Atlantic, LLC, Hoegh Autoliners, Inc. & Horizon Terminal Services, LLC's Motion to Stay Discovery (Doc. 50) with Incorporated Memorandum of Law (Doc. 57) and Plaintiffs' Opposition to

Defendants Hoegh Autoliners Shipping AS & Hoegh Autoliners Management AS' Motion to Stay Discovery (Doc. 53) with Incorporated Memorandum of Law (Doc. 58), both filed on December 21, 2020 (Responses). Accordingly, this matter is ripe for review.

It is well established that district courts have broad, inherent authority to manage their dockets, including the power to stay discovery. See Aatrix Software, Inc. v. Green Shades Software, Inc., No. 3:15-cv-164-HES-MCR, 2015 WL 12835689, at *1 (M.D. Fla. Sept. 10, 2015); Lewis v. Abbott Labs., Inc., No. 6:19-cv-909-Orl-31LRH, 2019 WL 5448289, at *2 (M.D. Fla. Aug. 2, 2019); see also Dietz v. Bouldin, 136 S. Ct. 1885, 1892 (2016) ("This Court has also held that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). However, stays of discovery "are generally disfavored 'because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'" See Aatrix Software, Inc., 2015 WL 12835689, at *1 (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). Thus, a stay of discovery pending the resolution of a motion to dismiss is the exception, rather than the rule. See McCrimmon v. Centurion of Fla., LLC, No. 3:20-cv-36-J-39JRK, 2020 WL 6287681, at *2 (M.D. Fla. Oct. 27, 2020). Indeed, the Civil Discovery Handbook for the Middle District of Florida expressly states that:

2

> Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a <u>specific showing of prejudice or undue burden</u>.

Middle District Discovery (2021) at Section I.E.4 (emphasis added). Moreover, motions to stay are generally denied "[a]bsent a <u>clear indication</u> a case will be dismissed in its entirety." <u>See</u> <u>McCrimmon</u>, 2020 WL 6287681 at *2 (emphasis added) (collecting cases). Significantly, it is the movant's burden to show the "'necessity, appropriateness, and reasonableness'" of a stay. <u>See</u> <u>id.</u> (quoting <u>Ray v. Spirit Airlines, Inc.</u>, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012)).

Upon review of the Motions, Responses and record in this case, the Court finds that Defendants have not met their burden of establishing that a stay is warranted at this time. Significantly, Defendants fail to make a specific showing that discovery in this case presents the type of <u>unusually</u> prejudicial or burdensome circumstance which could warrant a stay. Additionally, the Court has taken a "preliminary peek" at the motions to dismiss, and while the Court expresses no opinion on the ultimate merits of the motions, the undersigned is not convinced that the basis for dismissal of this action in its entirety is so patently obvious as to warrant the exceptional relief of a stay. <u>See</u> <u>Feldman</u>, 176 F.R.D. at 652 (explaining that in resolving a motion to stay,

3

courts "take a preliminary peek" at the merits of the motion to dismiss to "see if it appears to be clearly meritorious and truly case dispositive"). Having weighed the harm of delay against the possibility the dispositive motions will be granted, the Court finds that the Motions to Stay are due to be denied. Accordingly, it is

**ORDERED**:

1. Defendants' SSA Atlantic, LLC's, Hoegh Autoliners, Inc.'s and Horizon Terminal Services, LLC Motion to Stay Discovery and Memorandum of Law in Support Thereof (Doc. 50) is **DENIED.**

2. Defendants' Hoegh Autoliners Shipping AS and Hoegh Autoliners Management AS, Motion to Stay Discovery and Brief in Support (Doc. 53) is **DENIED.**

3. The parties are directed to confer and file an updated case management report on or before **April 15, 2021**.[1]

**DONE AND ORDERED** at Jacksonville, Florida, on April 5, 2021.

MARCIA MORALES HOWARD
United States District Judge

---

[1] The Court notes that after the parties filed their Case Management Report (Doc. 51), the Local Rules for the Middle District of Florida were amended, taking effect February 1, 2021. Thus, in preparing an updated case management report, the Court directs the parties to Local Rule 3.02(a)(2), which requires them to utilize the uniform case management report available on the Court's website.

4

lc11

Copies to:

Counsel of Record