IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.: 3:20-cv-1150-J-34PDB

KRISTOPHER JOLLY and CHERYL
JOLLY, his wife; JEREMY LEE and
AMY LEE, his wife; MATTHEW CIPRIANI;
SHAWN O'SHELL and MALISSA O'SHELL,
his wife; PAUL MASCI and ANGELA MASCI,
his wife; NICHOLAS GETTLER; CHARLES
DRYSDALE; LANDON SIMMONS and
SARAH SIMMONS, his wife; SAMUEL L.
BANKS and AMANDA BANKS, his wife;
WILLIAM REED and HOLLY REED,
his wife; and WESLEY MILLER and
SHANNON MILLER, his wife;

                Plaintiffs,

vs.

HOEGH AUTOLINERS SHIPPING AS;
HOEGH AUTOLINERS MANAGEMENT AS;
HOEGH AUTOLINERS, INC.; HORIZON
TERMINAL SERVICES, LLC; GRIMALDI
DEEP SEA S.P.A.; and SSA ATLANTIC, INC.,

                Defendants.
_____/

## DEFENDANT, GRIMALDI DEEP SEA S.P.A'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

COMES NOW the Defendant, GRIMALDI DEEP SEA S.P.A. ("Grimaldi"), by and through undersigned counsel and files its Answer and Affirmative Defenses to Plaintiffs, CHRISTOPHER JOLLY, JEREMY LEE, MATTHEW CIPRIANI,

SHAWN O'SHELL, PAUL MASCI, NICHOLAS GETTLER, CHARLES DRYSDALE, LANDON SIMMONS, SAMUEL L. BANKS, WILLIAM REED, and WESLEY MILLER ("Plaintiffs"), First Amended Complaint and alleges as follows:

## PARTIES, JURISDICTION & VENUE

1. The allegations of Paragraph No. 1 of the First Amended Complaint are admitted.

2. The allegations of Paragraph No. 2 of the First Amended Complaint are admitted.

3. Grimaldi admits that this case is brought under the general maritime law of the United States of America. To the extent the remaining allegations of Paragraph No. 3 of the First Amended Complaint allege factual matters requiring a response from Grimaldi, the same are denied.

4. The allegations of Paragraph No. 4 of the First Amended Complaint are admitted.

5. Grimaldi admits that the male Plaintiffs are all employed as professional firefighters or paramedics with Jacksonville Fire and Rescue ("JFRD"). Grimaldi does not possess sufficient information to admit or deny the remaining allegations of Paragraph No. 5 of the First Amended Complaint, and the same are therefore denied.

6. To the extent that Paragraph No. 6 of the First Amended Complaint alleges actual matters requiring a response from Grimaldi, the same are admitted.

7. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 7 of the First Amended Complaint, and the same are therefore denied.

8. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 8 of the First Amended Complaint, and the same are therefore denied.

9. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 9 of the First Amended Complaint, and the same are therefore denied.

10. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 10 of the First Amended Complaint, and the same are therefore denied.

11. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 11 of the First Amended Complaint, and the same are therefore denied.

12. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 12 of the First Amended Complaint, and the same are therefore denied.

13. Grimaldi admits that it is an Italian for profit corporation, via Marchese Campodisola, 13 Naples, Italy 80133, and was the time charterer of the *Hoegh Xiamen* pursuant to a time charter with Hoegh Shipping at all times material hereto. The remaining allegations of Paragraph No. 13 of the First Amended Complaint are denied.

14. Grimaldi admits that it is subject to the jurisdiction of the Courts of Florida. To the extent the remaining allegations of Paragraph No. 14 of the First Amended Complaint allege factual matters requiring a response from Grimaldi, the same are denied.

15. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 15 of the First Amended Complaint, and the same are therefore denied.

16. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 16 of the First Amended Complaint, and the same are therefore denied.

## RELEVANT FACTS APPLICABLE TO ALL COUNTS

17. Grimaldi admits that on June 4, 2020, the *Hoegh Xiamen* (IMO: 9431848), an approximately 600-foot long by 103.5-foot-wide roll on roll off ("ro-ro") cargo ship was berthed at JAXPORT's Blount Island Marine Terminal in Jacksonville, Florida to facilitate the loading of approximately 1,500 used cars as

cargo for international transport to west Africa. The remaining allegations of Paragraph No. 17 of the First Amended Complaint are denied.

18. The allegations of Paragraph No. 18 of the First Amended Complaint are admitted.

19. Grimaldi admits that at all material times, the *Hoegh Xiamen* was bareboat chartered to Hoegh Shipping. The remaining allegations of Paragraph No. 19 of the First Amended Complaint are denied.

20. Grimaldi admits that Hoegh Autoliners AS time chartered the *Hoegh Xiamen* to Grimaldi. The remaining allegations of Paragraph No. 20 of the First Amended Complaint are denied.

21. Grimaldi admits that fire is a dangerous event on any ship. To the extent that the remaining allegations of Paragraph No. 21 of the First Amended Complaint allege factual matters requiring a response from Grimaldi, the same are denied.

22. To the extent that Paragraph No. 22 of the First Amended Complaint alleges factual matters requiring a response from Grimaldi, the same are admitted.

23. The allegations of Paragraph No. 23 of the First Amended Complaint are denied.

24. The allegations of Paragraph No. 24 of the First Amended Complaint are denied.

25. Grimaldi admits that after loading operations were completed on the afternoon of June 4, 2020, a fire started on Deck 7 or 8 of the *Hoegh Xiamen*. Grimaldi does not possess sufficient information to admit or deny the remaining allegations of Paragraph No. 25 of the First Amended Complaint, and the same are therefore denied.

26. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 26 of the First Amended Complaint, and the same are therefore denied.

27. Grimaldi admits that the male Plaintiffs were among the approximately 120 JFRD firefighters and paramedics who responded to the scene and attempted to extinguish the fire on the *Hoegh Xiamen*. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 27 of the First Amended Complaint, and the same are therefore denied.

28. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 28 of the First Amended Complaint, and the same are therefore denied.

29. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 29 of the First Amended Complaint, and the same are therefore denied.

30. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 30 of the First Amended Complaint, and the same are therefore denied.

31. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 31 of the First Amended Complaint, and the same are therefore denied.

32. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 32 of the First Amended Complaint, and the same are therefore denied.

33. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 33 of the First Amended Complaint, and the same are therefore denied.

34. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 34 of the First Amended Complaint, and the same are therefore denied.

35. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 35 of the First Amended Complaint, and the same are therefore denied.

36. To the extent that Paragraph No. 36 of the First Amended Complaint alleges factual matters requiring a response from Grimaldi, the same are denied.

37. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 37 of the First Amended Complaint, and the same are therefore denied.

38. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 38 of the First Amended Complaint, and the same are therefore denied.

39. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 39 of the First Amended Complaint, and the same are therefore denied.

40. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 40 of the First Amended Complaint, and the same are therefore denied.

41. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 41 of the First Amended Complaint, and the same are therefore denied.

42. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 42 of the First Amended Complaint, and the same are therefore denied.

43. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 43 of the First Amended Complaint, and the same are therefore denied.

44. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 44 of the First Amended Complaint, and the same are therefore denied.

45. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 45 of the First Amended Complaint, and the same are therefore denied.

46. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 46 of the First Amended Complaint, and the same are therefore denied.

## COUNT I
## NEGLIGENCE OF HOEGH SHIPPING & HOEGH MANAGEMENT
## (OWNER/MANAGER)

47. Grimaldi reaffirms and realleges the allegations contained in Paragraph Nos. 1 through 10 and 17 through 46 above, as fully as set out herein.

48. Paragraph Nos. 48 through 51 of the First Amended Complaint allege a cause of action/claim for relief against parties other than Grimaldi. To the extent that Paragraph Nos. 48 through 51 allege factual matters requiring a response from

Grimaldi, Grimaldi does not possess sufficient information to admit or deny such allegations, and the same are therefore denied.

WHEREFORE, having fully answered, Defendant, GRIMALDI DEEP SEA S.P.A. requests that Plaintiffs First Amended Complaint, and each count thereof, be dismissed and that Grimaldi recover its costs.

## COUNT II
## NEGLIGENCE OF GRIMALDI

52. Grimaldi reaffirms and realleges the allegations contained in Paragraph Nos. 1 through 6, 13 and 14, and 17 through 46 above, as fully as set out herein.

53. Grimaldi admits that at all times material hereto, Grimaldi was a time charterer of the *Hoegh Xiamen*. The remaining allegations of Paragraph No. 53 of the First Amended Complaint are denied.

54. The allegations of Paragraph No. 54 of the First Amended Complaint are denied.

55. The allegations of Paragraph No. 55 of the First Amended Complaint are denied.

56. The allegations of Paragraph No. 56 of the First Amended Complaint and subparts (a) through (l) thereof, are denied.

57. The allegations of Paragraph No. 57 of the First Amended Complaint are denied.

WHEREFORE, having fully answered, Defendant, GRIMALDI DEEP SEA S.P.A. requests that Plaintiffs First Amended Complaint, and each count thereof, be dismissed and that Grimaldi recover its costs.

## COUNT III
## NEGLIGENCE OF HORIZION TERMINAL SERVICES, LLC & HOEGH AUTOLINERS, INC.

58. Grimaldi reaffirms and realleges the allegations contained in Paragraph Nos. 1 through 6, 11 and 12, and 17 through 46 above, as fully as set out herein.

59. Paragraph Nos. 59 through 63 of the First Amended Complaint allege a cause of action/claim for relief against parties other than Grimaldi. To the extent that Paragraph Nos. 59 through 63 of the First Amended Complaint allege factual matters requiring a response from Grimaldi, Grimaldi does not possess sufficient information to admit or deny such allegations, and the same are therefore denied.

WHEREFORE, having fully answered, Defendant, GRIMALDI DEEP SEA S.P.A. requests that Plaintiffs First Amended Complaint, and each count thereof, be dismissed and that Grimaldi recover its costs.

## COUNT IV
## NEGLIGENCE OF SSA

64. Grimaldi reaffirms and realleges the allegations contained in Paragraph Nos. 1 through 6, 15 and 16, and 17 through 46 above, as fully as set out herein.

65. Paragraph Nos. 65 through 68 of the First Amended Complaint allege a cause of action/claim for relief against parties other than Grimaldi. To the extent

that Paragraph Nos. 65 through 68 of the First Amended Complaint allege factual matters requiring a response from Grimaldi, Grimaldi does not possess sufficient information to admit or deny such allegations, and the same are therefore denied.

WHEREFORE, having fully answered, Defendant, GRIMALDI DEEP SEA S.P.A. requests that Plaintiffs First Amended Complaint, and each count thereof, be dismissed and that Grimaldi recover its costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant, GRIMALDI DEEP SEA S.P.A., alleges that the incident described the First Amended Complaint, which is alleged to have occurred on June 4, 2020, falls within maritime tort and/or contract jurisdiction and that the substantive law applicable to the rights and duties of the parties is the general maritime law of the United States of America, and/or the terms and conditions of the time charter in effect on June 4, 2020, between Grimaldi Deep Sea S.P.A. and Hoegh Autoliners AS.

### SECOND AFFIRMATIVE DEFENSE

Defendant, GRIMALDI DEEP SEA S.P.A., alleges that any injuries, losses, or damages sustained or suffered by the Plaintiffs, at the times and places and on the occasions mentioned in the First Amended Complaint, were proximately caused, in whole or in part, or were contributed to, in whole or in part, by the neglect, fault,

and/or want of care of the Plaintiffs, jointly and severally, and not by any fault, neglect, want of care, or breach of time charter by Grimaldi Deep Sea S.P.A.

## THIRD AFFIRMATIVE DEFENSE

Defendant, GRIMALDI DEEP SEA S.P.A., alleges that any injuries, losses, or damages sustained or suffered by the Plaintiffs at the times and places and on the occasions mentioned in the First Amended Complaint, were proximately caused, in whole or in part, or were contributed to, in whole or in part, by the neglect, fault, want of care, breach of regulation, and/or breach of the terms and conditions of the time charter by parties/persons other than Grimaldi Deep Sea S.P.A. and not by any fault, neglect, want of care, and/or breach of the terms and conditions of the time charter on the part of Grimaldi Deep Sea S.P.A.

## FOURTH AFFIRMATIVE DEFENSE

Defendant, GRIMALDI DEEP SEA S.P.A., alleges that it is entitled to off-set from any damages which may be awarded Plaintiffs in this action, to the extent of any amounts or benefits Plaintiffs, jointly or severally, received from collateral sources for the injuries, damages, and losses alleged in the First Amended Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Defendant, GRIMALDI DEEP SEA S.P.A., alleges that under the factual circumstances, prejudgment interest is not a recoverable element of damages within

the general maritime law of the United States of America, in cases such as this tried to a jury.

Respectfully submitted,

*David F. Pope*
Eric C. Thiel – FBN 016267
David F. Pope – FBN 164452
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Telephone: (813) 221-1500
Facsimile: (813) 222-3066
Service-ethiel@bankerlopez.com
Service-dpope@bankerlopez.com
*Attorneys for Defendant, Grimaldi Deep Sea S.p.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 13, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

_David F. Pope_
David F. Pope – FBN 164452