UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KRISTOPHER JOLLY, *et. al.*,

    Plaintiff,

v.                                           CASE NO. 3:20-cv-1150-MMH-MCR

HOEGH AUTOLINERS SHIPPING
AS, *et. al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Horizon Terminal Services, LLC's Motion to Compel Records ("Motion") (Doc. 109) and Nonparties' Response thereto ("Response") (Doc. 111.) For the reasons stated herein, the Motion is due to be **GRANTED**.

On February 15, 2023, Horizon served a Notice of Intent to Serve Subpoenas Duces Tecum Without Deposition ("Notice of Intent") and proposed subpoenas. The original subpoenas sought all records from social media platforms and all written or electronic communications from Plaintiffs' spouses related to the underlying incident from June 4, 2020, to the present. (*See* Doc. 109-1.) After several attempts to confer, the parties eventually agreed that Plaintiffs would provide "all photos, videos, and posts depicting/relating to the subject incident, the spouses, travels and home lives

1

from one year prior to the incident to the present" as well as other related communications. (Doc. 109-5 at 1.) All together, the subpoenas seek records from eight of the Plaintiffs' spouses who are nonparties to this action.

For several months, Defendant Horizon has communicated with counsel for Plaintiffs and the nonparties regarding the relevant discovery, which led to an agreed deadline of June 4, 2023, to provide the responsive material. (*See* Doc. 109-5, 109-6, 109-7.) However, to date some relevant discovery remains outstanding. Accordingly, Defendant Horizon requests that the Court enter an order compelling the production of the subpoenaed records and that the Court award attorneys' fees and costs for the necessity of having to file its motion. (Doc. 109 at 5.)

Notably, neither Plaintiffs nor the nonparties object to the Motion to Compel on the grounds that the information is protected or that the information does not meet certain standards of relevancy and proportionately. (*See generally* Doc. 111.) In fact, according to the Response seven of the eight nonparties have already responded to the subpoenas. (*Id* at 2.) Moreover, the one remaining nonparty with relevant discovery is awaiting a social media download "and she will respond to the Rule 45 subpoena expeditiously upon the receipt of her downloaded materials." (*Id*.)

Due to the lack of opposition on substantive grounds and the parties' agreed response deadline of June 4, 2023, the Motion is due to be granted. To

the extent any relevant discovery remains outstanding, the nonparties shall respond appropriately and provide the corresponding documents **on or before July 14, 2023**. At this time, the Court will not apportion the reasonable expenses for the Motion.

Accordingly, it is **ORDERED**:

The Motion (**Doc. 109**) is **GRANTED to the extent stated herein**.

**DONE AND ORDERED** at Jacksonville, Florida, on July 6, 2023.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

*Pro Se* Plaintiff