**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

KRISTOPHER JOLLY; JEREMY LEE; MATTHEW CIPRIANI; SHAWN O'SHELL; PAUL MASCI; NICHOLAS GETTLER; CHARLES DRYSDALE; LANDON SIMMONS, SAMUEL L. BANKS; WILLIAM REED; and WESLEY MILLER,

      Plaintiffs,

vs.

HOEGH AUTOLINERS SHIPPING AS; HOEGH AUTOLINERS MANAGEMENT AS; HOEGH AUTOLINERS, INC.; HORIZON TERMINAL SERVICES, LLC; GRIMALDI DEEP SEA S.P.A., and SSA ATLANTIC, LLC.

      Defendants.

CASE NO.: 20:cv-1150-MMH-MCR

---

**PLAINTIFFS' RULE 26(A)(2)**
**RETAINED EXPERT WITNESS DISCLOSURES**

Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs, Kristopher Jolly, Jeremy Lee, Matthew Cipriani, Shawn O' Shell, Paul Masci, Nicholas Gettler, Landon Simmons, Samuel L. Banks, William Reed, Wesley Miller, and Charles Drysdale, submit the following disclosure or

retained experts which is subject to modification and supplementation based upon additional information adduced in discovery.

The following are <u>retained</u> testifying experts pursuant to Federal Rule of Civil Procedure 26(a)(2)(b):

<u>LIABILITY</u>

1. **Captain Mitchell S. Stoller**
   Master Mariner Unlimited
   21001 N. Tatum Blvd., Suite 1630-619
   Phoenix, AZ 85050
   (949) 632-9556

Cpt. Stoller is expected to testify about the contents of his expert report, including his opinions found in his expert report attached as **Exhibit 1 [Plaintiffs' EXB 106-A-001]**

The following are provided with this disclosure and incorporated as part of this expert's report:

   ▪ CURRICULUM VITAE [Plaintiffs' EXB 107-A-001]
   ▪ TESTIMONY LIST [Plaintiffs' EXB 107-A-001.001]
   ▪ FEE SCHEDULE [Plaintiffs' EXB 107-A-001.002]

2. **Captain Tom Bolcar**
   Longshore Safety Consulting LLC
   2209 Glenwood Dr.
   Point Pleasant Beach, NJ 08742
   (201) 783-2604

Cpt. Bolcar is expected to testify about the contents of his expert report,

including his opinions found in his expert report attached as **Exhibit 2**

**[Plaintiffs' EXB 106-A-002]**

The following are provided with this disclosure and incorporated as part

of this expert's report:

- **CURRICULUM VITAE** [**Plaintiffs' EXB 107-A-002**]
- **TESTIMONY LIST** [**Plaintiffs' EXB 107-A-002.001**]
- **FEE SCHEDULE** [**Plaintiffs' EXB 107-A-002.002**]

**3. Paul T. Way, PE, CFI, CFEI, PI**
Jensen Hughes
10170 Church Ranch Way, Suite 200
Westminster, CO 80021
(425) 217-1105

Mr. Way is expected to testify about the contents of his expert report,

including all matters related to his opinions found in his expert report attached

as **Exhibit 3 [Plaintiffs' EXB 106-A-003]**

*Qualifications of the Author* (5.0), *4-year Testimony* (6.0) plus

*Compensation* (8.0) are contained and disclosed in his report.

**INJURY / CAUSATION / DAMAGES**

**4. Craig Lichtblau, M.D., P.A.**
550 Northlake Blvd.
North Palm Beach, FL 33408
(561) 842-2694

Dr. Lichtblau is board certified in Physical Medicine and Rehabilitation as well as Brain Injury Medicine. He has practiced medicine in the State of Florida since 1989 and he currently is in active clinical practice.

Dr. Lichtblau was retained to perform Comprehensive Rehabilitation Evaluations, including Continuation of Care Plans, for several of the first responders and authored corresponding reports as follows:

| REPORTS: RETAINED EXPERT DR. CRAIG LICHTBLAU | | |
|---|---|---|
| ▪CIPRIANI | **Exhibit 4** | Plaintiffs' EXB 106-A-004-**A** |
| ▪JOLLY | **Exhibit 5** | Plaintiffs' EXB 106-A-004-**B** |
| ▪LEE | **Exhibit 6** | Plaintiffs' EXB 106-A-004-**C** |
| ▪O'SHELL | **Exhibit 7** | Plaintiffs' EXB 106-A-004-**D** |
| ▪MILLER | **Exhibit 8** | Plaintiffs' EXB 106-A-004-**E** |
| ▪REED | **Exhibit 9** | Plaintiffs' EXB 106-A-004-**F** |

Dr. Lichtblau is expected to testify about the contents of his expert reports provided herewith, including all aspects of the harms suffered and limitations caused by the incident forming the basis of this lawsuit, along with the likely effect on their continued employability, future medical needs, costs, and limitations. The following are provided with this disclosure and incorporated as part of this expert's reports:

- **CURRICULUM VITAE** [**Plaintiffs' EXB 107-A-004**]
- **TESTIMONY LIST** [**Plaintiffs' EXB 107-A-004.001**]
- **FEE SCHEDULE** [**Plaintiffs' EXB 107-A-004.002**]

**5. Jeffrey A. Danzinger, M.D.**
Psychiatric Affiliates, P.A.
2300 Maitland Ctr. Pkwy., Suite 211
Maitland, FL 32751
(407) 679-6400

Dr. Danzinger is board certified by the American Board of Psychiatry and Neurology in psychiatry and forensic psychiatry, among other disciplines. He has been licensed to practice medicine in the State of Florida since 1986. He currently maintains an office practice in Florida as well as practicing in the area of forensic psychiatry.

Dr. Danzinger was retained to perform psychiatric evaluations of several of the first responders and authored corresponding reports as follows:

| REPORTS: RETAINED EXPERT DR. JEFFREY A. DANZINGER | | |
|---|---|---|
| ▪ CIPRIANI | **Exhibit 10** | Plaintiff's EXB-106-A-005-**A** |
| ▪ O'SHELL | **Exhibit 11** | Plaintiff's EXB-106-A-005-**B** |
| ▪ MASCI | **Exhibit 12** | Plaintiff's EXB-106-A-005-**C** |
| ▪ REED | **Exhibit 13** | Plaintiff's EXB-106-A-005-**D** |
| ▪ BANKS | **Exhibit 14** | Plaintiff's EXB-106-A-005-**E** |
| ▪ DRYSDALE | **Exhibit 15** | Plaintiff's EXB-106-A-005-**F** |

Dr. Danzinger is expected to testify about the contents of these reports. The following are provided with this disclosure and incorporated as part of this expert's reports:

▪ **CURRICULUM VITAE** [**Plaintiffs' EXB 107-A-005**]

▪ **TESTIMONY LIST** [Plaintiffs' EXB 107-A-005.001]
▪ **FEE SCHEDULE** [Plaintiffs' EXB 107-A-005.002]

6. **Wade C. Myers, M.D.**
   150 Arlington Avenue
   Providence, RI 02906

Dr. Myers is board certified in Psychiatry and Neurology. He has been licensed to practice medicine in the State of Florida since 1984. He is currently the Director of Forensic Psychiatry at Rhode Island Hospital.

Dr. Myers was retained to perform psychiatric evaluations of several first responders and authored reports as follows:

| REPORTS: RETAINED EXPERT DR. WADE C. MYERS | | |
|---|---|---|
| ▪ Jeremy LEE | **Exhibit 16** | **Plaintiffs' EXB 106-A-007-A** |
| ▪ Wesley MILLER | **Exhibit 17** | **Plaintiffs' EXB 106-A-007-B** |
| ▪ Kristopher JOLLY | **Exhibit 18** | **Plaintiffs' EXB 106-A-007-C** |

Dr. Myers is expected to testify about the contents of his expert reports, including all aspects of the psychiatric harm suffered, limitations caused, future psychiatric limitations, care required, and costs as a result of the incident forming the basis of this lawsuit. The following are provided with this disclosure and incorporated as part of this expert's reports:

▪ **CURRICULUM VITAE** [Plaintiffs' EXB 107-A-007]
▪ **TESTIMONY LIST** [Plaintiffs' EXB 107-A-007.001]
▪ **FEE SCHEDULE** [Plaintiffs' EXB 107-A-007.002]

7. **Gil Spruance, MS, CRC, CVE, VE, CLCP, MSCC**
   Spruance & Associates, Inc.
   4604 Atlantic Blvd., Suite 1B
   Jacksonville, FL 32207
   (904) 399-5357

Mr. Spruance is a Certified Rehabilitation Counselor and Certified Vocational Evaluator. He has been a practicing rehabilitation counselor in Florida since 1979. Mr. Spruance is an expert in the field of vocational evaluations, the provision of rehabilitation services and the preparation of life care plans for persons who have suffered an injury or disability.

Given the number of first responders involved, Mr. Spruance was one of two experts retained to perform Vocational Rehabilitation Assessments and discuss earning capacity for certain of the first responders alleging harms/losses as a result of the incident forming the basis for this lawsuit as follows:

| REPORTS: RETAINED EXPERT GIL SPRUANCE | | |
|---|---|---|
| ▪ Jeremy <u>JOLLY</u> | **Exhibit 19** | **Plaintiffs' EXB 106-A-006-A** |
| ▪ Wesley <u>LEE</u> | **Exhibit 20** | **Plaintiffs' EXB 106-A-006-B** |
| ▪ William <u>REED</u> | **Exhibit 21** | **Plaintiffs' EXB 106-A-006-C** |

Mr. Spruance is expected to testify about the contents of these reports. The following are provided with this disclosure and incorporated as part of this expert's reports:

▪ CURRICULUM VITAE [**Plaintiffs' EXB 107-A-006**]
▪ TESTIMONY LIST [**Plaintiffs' EXB 107-A-006.001**]

▪ FEE SCHEDULES:
　　　(**Deposition**) [**Plaintiffs' EXB 107-A-006.002**]
　　　(**PI Case**) [**Plaintiffs' EXB 107-A-006.003**]

8. **Lori A. Cowan, MS, LPC, LMFT, MHC, CRC, CLCP, ABDA**
   Cowan Counseling & Disability Group, P.C.
   12724 Gran Parkway W., Suite 410
   Jacksonville, FL 32288
   (904) 399-5357

Ms. Cowan is a Certified Rehabilitation Counselor, ABDA Disability Analyst and Fellow, and a Certified Life Care Planner. She has been practicing in the fields of vocational rehabilitation, clinical counseling, and life care planning for over 25 years. Ms. Cowan is an expert in the field of vocational evaluations, the provision of rehabilitation services and the preparation of life care plans for persons who have suffered an injury or disability.

Given the number of first responders involved, Ms. Cowan was the second of two experts retained to perform Vocational Rehabilitation Assessments and discuss earning capacity for certain of the first responders alleging harms/losses as a result of the incident forming the basis for this lawsuit as follows:

| REPORTS: RETAINED EXPERT LORI COWAN | | |
|---|---|---|
| ▪ Jeremy LEE | **Exhibit 22** | **Plaintiffs' EXB 106-A-008-A** |

▪ Wesley <u>MILLER</u>            **Exhibit 23    Plaintiffs' EXB 106-A-008-B**

Ms. Cowan is expected to testify about the contents of these reports. The following are provided with this disclosure and incorporated as part of this expert's reports:

>    ▪ <u>CURRICULUM VITAE</u> [**Plaintiffs' EXB 107-A-008**]
>    ▪ <u>TESTIMONY LIST</u> [**Plaintiffs' EXB 107-A-008.001**]
>    ▪ <u>FEE SCHEDULE</u>  [**Plaintiffs' EXB 107-A-008.002**]

9. **Fred Raffa**
   Raffa Consulting Economists, Inc.
   17 S. Osceola Ave., Suite 200
   Orlando, FL 32081
   (407) 648-5141

Dr. Raffa is an expert in the field of economics with more than forty years of experience.

Dr. Raffa was retained to evaluate the economic losses caused by the ship fire/explosion and suffered by certain of the first responders. Dr. Raffa authored detailed economic analysis of those losses and is expected to testify as to the contents of his reports as follows:

| REPORTS: RETAINED EXPERT DR. FRED RAFFA | | |
|---|---|---|
| ▪ <u>CIPRIANI</u> | **Exhibit 24** | Plaintiff's EXB-106-A-009-**A** |
| ▪ <u>JOLLY</u> | **Exhibit 25** | Plaintiff's EXB-106-A-009-**B** |
| ▪ <u>O'SHELL</u> | **Exhibit 26** | Plaintiff's EXB-106-A-009-**C** |
| ▪ <u>LEE</u> | **Exhibit 27** | Plaintiff's EXB-106-A-009-**D** |

   ▪ <u>MILLER</u>          **Exhibit 28**   Plaintiff's EXB-106-A-009-**E**

   ▪ <u>REED</u>            **Exhibit 29**   Plaintiff's EXB-106-A-009-**F**

The following are provided with this disclosure and incorporated as part of this expert's reports:

   ▪ **CURRICULUM VITAE** [**Plaintiffs' EXB 107-A-009**]
   ▪ **TESTIMONY LIST** [**Plaintiffs' EXB 107-A-009.001**]
   ▪ **FEE SCHEDULE** [**Plaintiffs' EXB 107-A-009.002**]

## UNRETAINED TREATING PHYSICIANS/DOCTORS

### CAVEAT

<u>Plaintiffs' non-retained testifying expert disclosures are not yet due</u> because the scheduling order's deadline for Plaintiffs' disclosure of "expert reports" is "inapplicable to disclosing a non-retained expert, which requires no report." *Vercher v. Omni Hotels Mgmt. Corp.*, Case No. 3:20-cv-1388-MMH-PDB, at *5 (M. D. Fla. May 17, 2022); *see also* Fed. R. Civ. P. 26(a)(2)(C)(providing disclosure requirements for non-retained expert witnesses who do not provide a written report). Instead, Rule 26(a)(2)(D)'s default deadline of "at least 90 days before the date set for trial or for the case to be ready for trial" applies "considering the use of 'Reports' in the case management and scheduling order, the absence of a requirement to include reports with disclosures of non-retained witnesses, and the exclusion from the case management and

scheduling order of any other deadline for expert disclosure." *Vercher*, 2022 WL 1555518 at *5. Plaintiffs are nevertheless disclosing certain non-retained testifying experts below, while reserving their right to supplement or amend these disclosures, as well as the right to provide additional Rule 26(a)(2)(c) disclosures, before the close of discovery, or, at the latest, before the Rule 26(a)(2)(D) deadline of at least 90 days before trial.

Plaintiffs also note that "[a] witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony" under Rule 702. *Vercher*, 2022 WL 1555518 at *4 (quoting Fed. R. Civ. P. 26(a) advisory committee's note to 2010 amendment). As the advisory committee notes explain, frequent examples of these witnesses "include physicians or other health care professionals … who do not regularly provide expert testimony." Fed. R. Civ. P. 26(a) advisory committee's note to 2010 amendment; *see also Triolo v. United States*, Case No. 3:18-cv-919-J-34JBT, 2019 AWL 10375471 at *2 (M.D. Fla. Aug. 23, 2019) (plaintiffs are not required to produce expert reports for treating physicians who will testify regarding causation, prognosis, or future treatment). The Rule 26(a)(2)(C) disclosure requirements for these witnesses are "considerably less extensive" than the report required for a retained expert, and "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not

been specially retained and may not be as responsive to counsel as those who have." Fed. R. Civ. P. 26(a) advisory committee's note to 2010 amendment.

**10. The following are disclosures of <u>non-retained</u> testifying experts pursuant to Federal Rule of Civil Procedure 26(a)(2)(c).**

**A. Nicholas GETTLER**

1. Shands Jacksonville Emergency Room Doctors
   Firas G. Madbak, MD (Attending)
   653 West 8th Street, FC 12
   Jacksonville, FL 32209
   (904) 244-3903

   Dr. Corey Wayne Dye, M.D. (Resident)
   Emergency Resources Group
   841 Prudential Dr., Suite 1400
   Jacksonville, FL 32207

   Julia Anne Heizmann, MD (Resident)
   HCA Florida Orange Park Surgical Specialists
   1825 Kingsley Ave Suite 150
   Orange Park, Florida 32073

Dr. Madbak, Dr. Dye, and Dr. Heizmann are unretained, treating physicians for Nicholas Gettler. These doctors rendered critical emergency care to Mr. Gettler for the harm he suffered as a result of the ship fire and explosion at issue in this case. Dr. Madbak is board certified in surgery and trauma critical care.

Subject matter: The subject matter of the emergency-room doctors' testimony will be all aspects of the care and treatment rendered to Mr. Gettler during his admission to Shands, including Mr. Gettler's medical conditions, Mr. Gettler's prognosis and future care and treatment, the cause of Mr. Gettler's injuries, and the costs and limitations associated with the same. The emergency-room doctors' opinions are derived from the treatment of Mr. Gettler at Shands Jacksonville immediately after the explosion.

Summary of Facts and Opinions: Dr. Dye and Dr. Madbak will testify that on June 4, 2020, Mr. Gettler presented to the emergency room by ambulance for a blast injury caused by the explosion, including the inhalation of steam and flame. Dr. Dye and Dr. Madbak examined Mr. Gettler and observed, among other things, labored breathing and coughing, shortness of breath, tachypnea, chest pain, abnormal blood pressure, throat pain, and hoarseness. Dr. Dye and/or Dr. Madbak ordered several procedures, including a bronchoscopy and intubation, and diagnosed Mr. Gettler with toxic effect of smoke, accidental respiratory condition due to smoke inhalation, shortness of breath, tachypnea, chest pain, dysphonia, and acute stress reaction. Dr. Dye and Dr. Madbak admitted Mr. Gettler to the SICU for airway monitoring.

Dr. Heizmann will testify that on June 4, 2020, she also evaluated Mr. Gettler in the emergency room for his blast injury caused by the explosion. Dr. Heizmann determined that Mr. Gettler was critically ill due to the airway

threat, inhalation injury, and hypoxemia caused by the blast injury from the explosion, and that he required multiple critical interventions.

2. Shands Jacksonville Psychologists
Kamela Scott, PhD
Francesca M. Varallo Sims, PysD (Resident)
653 West 8th Street, FC 12
Jacksonville, FL 32209
(904) 244-3903

Dr. Scott and Dr. Sims are unretained, treating psychologists for Nicholas Gettler. They rendered psychological care to Mr. Gettler for the harm he suffered as a result of the ship fire and explosion at issue in this case.

Subject matter: The subject matter of the psychologist's testimony will be all aspects of the care and treatment they rendered to Mr. Gettler, including Mr. Gettler's psychological conditions, Mr. Gettler's prognosis and future care and treatment, the cause of Mr. Gettler's psychological conditions, and the costs and limitations associated with the same. The psychologists' opinions are derived from their treatment of Mr. Gettler.

Summary of Facts and Opinions: Dr. Scott and Dr. Sims will testify that on June 5, 2020, they provided an inpatient surgical psychology consult for Mr. Gettler due to the traumatic injuries that he and his co-firefighters suffered as a result of the fire and explosion. Mr. Gettler reported a sleep disturbance and decreased appetite as a result of his pain and hospitalization from the fire and

explosion, as well as ruminations regarding concerns for his fellow fire fighters that were also injured. Dr. Scott and Dr. Sims diagnosed Mr. Gettler with Acute Stress Disorder.

3. The Magnolia Medical Group
   Vincent Galiano, MD
   Galina A. Remigaylor, ANRP
   8031 Philips Hwy., Suite 6
   Jacksonville, FL 32256
   Phone: (904) 737-6313

Dr. Galiano is an unretained, treating physician for Nicholas Gettler. He is board certified in family medicine. Galina A. Remigaylor is an unretained, treating nurse for Mr. Gettler. Dr. Galiano and Nurse Remigaylor rendered care and treatment to Mr. Gettler for the harm he suffered as a result of the ship fire and explosion at issue in this case.

Subject Matter: The subject matter of Dr. Galiano's and Nurse Remigaylor's testimony will be all aspects of the care and treatment they rendered to Mr. Gettler, including Mr. Gettler's medical conditions, Mr. Gettler's prognosis and future care and treatment, the causation of Mr. Gettler's injuries, and the costs and limitations associated with the same. Dr. Galiano's and Nurse Remigaylor's opinions are derived from their treatment of Mr. Gettler.

Summary of Facts and Opinions: Dr. Galiano will testify that on August 5, 2020, Mr. Gettler initially presented to his office for symptoms that had been occurring since he was injured in the ship fire and explosion approximately 2 months earlier, including shortness of breath, pain while breathing, ringing in his left ear, difficulty hearing, difficulty falling asleep, irritability, and nightmares. Dr. Galiano examined Mr. Gettler and observed, among other things, a tired appearance, decreased breath sounds on the left, a flat affect, a depressed mood, and lethargy. Dr. Galiano assessed Mr. Gettler with a lung injury, shortness of breath, hearing loss, tinnitus of the left ear, nightmares, post-traumatic stress and anxiety, and a mood disorder as a result of the ship fire and explosion. Dr. Galiano prescribed Prazosin and Bupropion, and referred Mr. Gettler to a pulmonologist, otolaryngologist, and psychologist.

Dr. Galiano will also testify that on October 9, 2020, Mr. Gettler presented to his office for a follow-up and reported increased anxiety, increased heart rate, and continued nightmares. Dr. Galiano examined Mr. Gettler and observed, among other things, a tired appearance, decreased breath sounds on the left, lethargy, a flat affect, and a depressed mood. Dr. Galiano assessed Mr. Gettler with a lung injury, shortness of breath, hearing loss, tinnitus of the left ear, nightmares, post-traumatic stress and anxiety, a mood disorder, and fatigue. As a result of his assessment, Dr. Galiano directed Mr. Gettler to

continue Prazosin, discontinue Bupropion, and to start Sertraline, and to continue to follow up with his pulmonologist.

Dr. Galiano will further testify that on November 20, 2020, Mr. Gettler presented to his office for a follow up and reported, among other things, that the Sertraline did not seem to be helping his mood and made him tired, and that the Prazosin helped reduce the frequency of his headaches. Dr. Galiano examined Mr. Gettler and reported, among other things, a tired appearance, decreased breath sounds on the left side, lethargy, a flat affect, and depressed mood. Dr. Galiano assessed Mr. Gettler with a lung injury, shortness of breath, hearing loss, tinnitus of the left ear, nightmares, post-traumatic stress and anxiety, a mood disorder, fatigue, and difficulty concentrating. As a result of his assessment, Dr. Galiano directed Mr. Gettler to continue Prazosin, discontinue Sertraline, restart Adderall, and to continue to follow up with his pulmonologist. Dr. Galiano will further testify regarding any continued treatment of Mr. Gettler for the injuries caused by the ship fire and explosion.

Nurse Remigaylor is expected to testify regarding her further treatment of Mr. Gettler for the injuries caused by the ship fire and explosion, including office visits throughout 2021. Nurse Remigaylor examined Mr. Gettler and assessed him with posttraumatic stress/anxiety, exertional shortness of breath, injury of lung, nightmare, fatigue, mood disorder, hearing loss,

tinnitus, and difficult concentrating. As a result of her assessment, she directed Mr. Gettler to continue taking Prazosin for his nightmares.

4. Baptist ENT Specialists
   Justin Moy, M.D.
   Yelena Kajdic, ARNP
   14546 Old St. Augustine Rd. Suite 301
   Jacksonville, FL 32258
   (904) 202-6410

Yelena Kajdic is an unretained ANRP that treated Mr. Gettler for hearing loss and tinnitus. Dr. Moy is an unretained treating physician that treated Mr. Gettler for breathing issues and tinnitus.

Subject Matter: The subject matter of Ms. Kajdic and Dr. Moy's testimony will be all aspects of the care and treatment they rendered to Mr. Gettler, including Mr. Gettler's medical conditions, Mr. Gettler's prognosis and future care and treatment, the causation of Mr. Gettler's injuries, and the costs and limitations associated with the same. Their opinions are derived from their treatment of Mr. Gettler.

Summary of Facts and Opinions Ms. Kajdic will testify that on September 1, 2020, Mr. Gettler initially presented to her office for hearing loss and tinnitus, including ringing in his ears that had worsened after the explosion. Ms. Kajdic assessed Mr. Gettler with bilateral tinnitus, perceived hearing loss, and excessive cerumen in his right ear canal, and performed a

cerumen disimpaction procedure and hearing exam on him. Ms. Kajdic determined that significant past noise exposures at work and occupational risk factors – which included the ship explosion—produced or contributed to his tinnitus.

Dr. Moy will testify that on January 17 and February 2, 2022, he evaluated Mr. Gettler for difficulty breathing, as well as continued tinnitus that was caused by the work-related accident. Mr. Gettler reported no improvement in his tinnitus. Dr. Moy assessed Mr. Gettler with rhinitis, deviated nasal septum, hypertrophy, nasal valve collapse, and bilateral tinnitus.

## B.  Landon SIMMONS

1. Shands Jacksonville Emergency Room Doctors
   Thomas Anthony Kunisaki, MD (Attending)
   653 West 8th Street, FC 12
   Jacksonville, FL 32209
   (904) 244-3903

   Adam Patrick Greeley, MD (Resident)
   Emergency Medical Specialist of Jacksonville
   1 Shircliff Way
   Jacksonville, FL 32204
   (904) 308-5030

Dr. Kunisaki and Dr. Greeley are unretained, treating physicians for Landon Simmons. These doctors rendered critical emergency care to Mr.

Simmons for the harm he suffered as a result of the ship fire and explosion at issue in this case. Dr. Kunisaki is board certified in emergency medicine.

Subject matter: The subject matter of the emergency-room doctors' testimony will be all aspects of the care and treatment rendered to Mr. Simmons at Shands Jacksonville, including Mr. Simmons' medical conditions, Mr. Simmons' prognosis and future care and treatment, the cause of Mr. Simmons' injuries, and the costs and limitations associated with the same. The emergency-room doctors' opinions are derived from the treatment of Mr. Simmons at Shands Jacksonville immediately after the explosion.

Summary of Facts and Opinions: Dr. Kunisaki and Dr. Greeley will testify that on June 4, 2020, Mr. Simmons presented to the emergency room for injuries caused by the ship fire and explosion, including burns to his back and shoulders, with peeling skin. Dr. Kunisaki and Dr. Greeley diagnosed Mr. Simmons with burns of the first degree of the upper back and provided medical treatment for the same.

### C.  Samuel BANKS

1. Shands Jacksonville Emergency Room Doctors
   Firas G. Madbak, MD (Attending)
   Grant Barker, MD (Resident)
   653 West 8th Street, FC 12
   Jacksonville, FL 32209
   (904) 244-3903

Dr. Madbak and Dr. Barker are unretained, treating physicians for Samuel Banks. These doctors rendered critical emergency care to Mr. Banks for the harm he suffered as a result of the ship fire and explosion at issue in this case. Dr. Madbak is board certified in surgery and trauma critical care.

Subject matter: The subject matter of the emergency-room doctors' testimony will be all aspects of the care and treatment rendered to Mr. Banks at Shands Jacksonville, including Mr. Bank's medical conditions, Mr. Bank's prognosis and future care and treatment, the cause of Mr. Bank's injuries, and the costs and limitations associated with the same. The emergency-room doctors' opinions are derived from the treatment of Mr. Banks at Shands Jacksonville immediately after the explosion.

Summary of Facts and Opinions: Dr. Barker and Dr. Madbak will testify that on June 4, 2020, Mr. Banks presented to the emergency room by ambulance for injuries caused by the ship fire and explosion, including burns to his face and hands. Dr. Barker and Dr. Madbak examined Mr. Banks and observed, among other things, singed nasal hair, a raspy voice, coughing, a rash, elevated blood pressure, and abnormal blood gas. Dr. Barker and Dr. Madbak ordered several procedures, including a CT of the head and C Spine, which revealed lung apices and adenoid hypertrophy due to an acute inhalation injury, and a reactive inflammation from inhalation injury, from the ship fire and explosion. Dr. Barker and Dr. Madbak diagnosed Mr. Banks with

second degree burns on both hands, and first degree burns to the forehead, cheek, and nose, and admitted Mr. Banks for a 24-hour observation. During his hospitalization, Mr. Banks was seen for a wound consult (Jamison Luten, RN) for his burns which recommended the continued application of antibiotic ointment to Mr. Banks' forehead and noses and xeroform to both hands. Mr. Banks was also seen by a PT/OT (Travis Wylie), who diagnosed him with burns, hand pain, occupational injury, trauma, erythema due to the burn on the bank of his hand and burn of the nose as a result of the ship fire and explosion, and who provided training on how to perform hand range of motion exercises. Mr. Banks was also prescribed, among other things, the use of an incentive spirometer and various medications, including fentanyl, oxycodone, enoxaparin, docusate, and albuterol, and discharged with outpatient occupational therapy for ADLs and hand therapy.

### D.  Charles DRYSDALE

1.  James Lounsburyl, LCSW, DCSW, PhD
    4741 Atlantic Blvd. Ste B3
    Jacksonville, FL 32207
    904-248-0005

Dr. Lounsburyl is a board certified licensed clinical social worker with a PhD in human health that treated Charles Drysdale for the harm he suffered as a result of the ship fire and explosion at issue in this case. Dr. Lounsburyl

has advanced training and certifications in Critical Incident Stress Management and PTSD diagnosis and treatment.

Subject matter: The subject matter of Dr. Lounsburyl's testimony will be all aspects of the care and treatment he rendered to Mr. Drysdale, including Mr. Drysdale's medical conditions, Mr. Drysdale's prognosis and future care and treatment, the cause of Mr. Drysdale's conditions, and the costs and limitations associated with the same. Dr. Lounsburyl's opinions are derived from his treatment of Mr. Drysdale.

Summary of Facts and Opinions: Dr. Lounsburyl will testify that he met with Mr. Drysdale multiple times to assess Mr. Drysdale's condition and to update his observations and diagnosis. Dr. Lounsburyl diagnosed Mr. Drysdale with chronic Post Traumatic Stress Disorder caused by the life-threatening events he experienced while responding to the ship fire and explosion on June 4, 2020. Mr. Drysdale's symptoms are severe and the impact on his neurology is permanent. Mr. Drysdale experiences spontaneous flare ups that cause debilitating emotional distress and complex mood disorders, and he has also experienced drastic personality changes as a result of the ship fire. Although treatment can reduce the severity of Mr. Drysdale's symptoms, there is no cure or reversal of the neurological impact he suffered, caused by the events of the ship fire and explosion. For example, although Mr. Drysdale completed weeks of intensive therapy at the University of Central Florida's Restores program,

and felt like he achieved significant results, Mr. Drysdale still experienced debilitating dissociations, emotional distress, complex mood swings, and major disruptions to his activities of daily living, and Mr. Drysdale still suffers from relapses, including the "worst" relapse he had ever had in July 2022. Mr. Drysdale also receives Ketamine treatments to reduce the frequency of his relapses, but they are still occurring. There are also possible risks to Mr. Drysdale's future health caused by chronic PTSD-related anxiety, including impacts to the central nervous system, cardiovascular system, excretory and digestive systems, immune system, and respiratory system.

### E.   Paul MASCI

1. Vincent Galiano, MD
   The Magnolia Medical Group
   8031 Philips Hwy., Suite 6
   Jacksonville, FL 32256
   Phone: (904) 737-6313

Dr. Galiano is an unretained, treating physician for Paul Masci. He is board certified in family medicine. Dr. Galiano rendered care and treatment to Mr. Masci for the harm he suffered as a result of the ship fire and explosion at issue in this case.

Subject Matter: The subject matter of Dr. Galiano's testimony will be all aspects of the care and treatment he rendered to Mr. Masci, including Mr. Masci's medical conditions, Mr. Masci's prognosis and future care and

treatment, the causation of Mr. Masci's injuries, and the costs and limitations associated with the same. Dr. Galiano's opinions are derived from his treatment of Mr. Masci.

Summary of Facts and Opinions: Dr. Galiano will testify that on August 13, 2020, Mr. Masci initially presented to his office for symptoms that had been occurring since he was injured in the ship explosion approximately 2 months earlier, including difficulty sleeping, feelings of guilt, and mood changes. Dr. Galiano examined Mr. Masci and observed, among other things, a tired appearance, a depressed mood, and a sad affect. Dr. Galiano assessed Mr. Masci with psychophysiological insomnia, post-traumatic stress/anxiety, and problems of guilt as a result of the ship fire and explosion. Dr. Galiano prescribed Trazodone, and referred Mr. Masci to a psychologist for further treatment of Mr. Masci's post-traumatic stress/anxiety, insomnia, and feelings of guilt caused by the ship explosion.

Dr. Galiano will also testify that on November 11, 2020, Mr. Masci presented to his office for a follow-up and reported that he had seen a psychologist a few times but that he is still experiencing symptoms and anxiety and was not his normal self. Dr. Galiano examined Mr. Masci and observed, among other things, a tired appearance and a depressed mood. Dr. Galiano assessed Mr. Masci with psychophysiological insomnia, post-traumatic stress/anxiety, and problems of guilt as a result of the ship fire and explosion.

As a result of his assessment, Dr. Galiano encouraged Mr. Masci to meet with

fellow firefighters involved in the explosion and possibly arrange a support

group to help with feelings of guilt and post-traumatic stress and anxiety.

### F.  Jeremy LEE

1.  Brett C. Puckett, MD
    Southeast Orthopedic Specialists
    2627 Riverside Avenue
    Jacksonville, FL 32204
    (904) 634-0840

Dr. Puckett is an unretained, treating physician for Jeremy Lee. He is a

board-certified orthopedic surgeon specializing in hand and microvascular

surgery. Dr. Puckett rendered care and treatment to Mr. Lee for the harm he

suffered as a result of the ship fire and explosion at issue in this case.

Subject Matter: The subject matter of Dr. Puckett's testimony will be all

aspects of the care and treatment he rendered to Mr. Lee, including Mr. Lee's

medical conditions, Mr. Lee's prognosis and future care and treatment, the

causation of Mr. Lee's injuries, and the costs and limitations associated with

the same. Dr. Puckett's opinions are derived from his treatment of Mr. Lee.

Summary of Facts and Opinions: Dr. Puckett will testify that on

November 11, 2020, Mr. Lee initially presented to his office for wrist pain,

decreased mobility, joint instability, joint tenderness, numbness, tingling in

the arms and weakness, and pain caused by his injuries in the ship explosion

and fire. Dr. Puckett diagnosed Mr. Lee with right wrist pain and ordered several procedures, including an x-ray and an MRI. The x-ray revealed a radial shaft fracture with non-united ulnar styloid. Dr. Puckett initiated conservative treatment.

Dr. Puckett will also testify regarding his continued treatment of Mr. Lee, including his follow up evaluations of Mr. Lee on November 18, 2020, and December 7, 2020. Mr. Lee continued to experience aching and sharp wrist pain aggravated by movement, with no relieving factors, as well as decreased mobility, joint instability, joint tenderness, numbness in thumb and fingers, tingling in the arms and weakness, bruising, nocturnal pain, and numbness. The MRI and X-ray revealed a persistent dislocation of the distal radioulnar joint with dislocation of the ulnar head. Dr. Puckett diagnosed Mr. Lee with pain in the right wrist, a dislocated distal radioulnar joint of right wrist, and other synovitis and tenosynovitis right forearm. Mr. Lee failed conservative treatment and would proceed with open treatment of the right distal radius ulnar joint dislocation, with a repair of the triangular fibrocartilage complex and tenolylsis extenso carpi ulnaris tendon.

Dr. Puckett will further testify that he performed surgery on Mr. Lee on December 14, 2020, for treatment of Mr. Lee's right distal radial ulnar joint dislocation under general anesthesia, but that the surgery was unsuccessful in obtaining a DRUJ reduction.  Dr. Puckett has continued to treat Mr. Lee after

the surgery, including follow up visits throughout 2021, during which Mr. Lee continued to struggle with pronation movements, decreased right wrist strength, swelling after prolonged use of the wrist, aching and dull pain that is aggravated by lifting, decreased mobility, tenderness, swelling, and weakness. Among other things, Dr. Puckett referred Mr. Lee for occupational therapy, imposed lifting and grasping work restrictions, and ordered additional physical therapy. Based on his treatment of Mr. Lee, Dr. Puckett will opine that Mr. Lee will more likely than not need a resection of his right distal ulna in the future to increase the motion in his wrist and decrease his pain. Mr. Lee will also need to be seen by orthopedic surgeon at least once a year, and will need short course of an outpatient physical medicine program, injections, and oral meds to address any future flare-ups of pain.

2.  Shands Jacksonville
    Firas G. Madbak, MD (Attending)
    Adam Gitlin, MD (Orthopedic Surgery)
    653 West 8th Street, FC 12
    Jacksonville, FL 32209
    (904) 244-3903

Dr. Madbak and Dr. Gitlin are an unretained, treating physicians for Mr. Lee. Dr. Madbak and Dr. Gitlin rendered critical emergency care to Mr. Lee for the harm he suffered as a result of the ship fire and explosion at issue in this case, and Dr. Gitlin also rendered post-surgical care to Mr. Lee. Dr.

Madbak is board certified in surgery and trauma critical care. Dr. Gitlin is board certified in orthopaedic surgery.

Subject matter: The subject matter of Dr. Madbak's and Dr. Gitlin's testimony will be all aspects of the care and treatment provided to Mr. Lee at Shands Jacksonville, including Mr. Lee's medical conditions, Mr. Lee's prognosis and future care and treatment, the cause of Mr. Lee's injuries, and the costs and limitations associated with the same. Dr. Madbak's and Dr. Gitlin's opinions are derived from the treatment of Mr. Lee at Shands Jacksonville immediately after the explosion.

Summary of Facts and Opinions: Dr. Madbak will testify that on June 4, 2020, Mr. Lee presented to the emergency room by ambulance for injuries caused by the ship fire and explosion, including a blast injury to the head and neck; degree burns to the head, face, and nose; exposure to smoke and flames; right arm pain that is severe when moved, and joint pain. An examination of Mr. Lee revealed singed nasal hair, second degree burns with right ear skin sloughed, second degree burns to the left hand, second degree burns to the right nose, first degree burns to the face, neck and head, right wrist deformity with laceration and exposed bone, open fracture of distal end right ulnar and distal end of right radius, a facial laceration, and elevated blood pressure. Radiology ordered by Dr. Madbak revealed a Galeazzi fracture dislocation and on June 5, 2020, surgery was performed on Mr. Lee to close the reduction of

the right type II open distal radius fracture. Dr. Madbak also diagnosed Mr. Lee with burns involving 10 to 19 percent of body surface with less than 10 percent third degree burns, second degree burns of the right ear and left hand, first degree burns of the nose, a laceration, and systemic inflammatory response syndrome.

Dr. Gitlin will testify that on June 5, 2020, he performed surgery on Mr. Lee to address the Galeazzi's fracture of right radius. Mr. Lee followed up with Dr. Gitlin throughout June, July, and August of 2020 for post-surgery care and to address the continued pain in his wrist. Dr. Gitlin's post-surgical examinations of Mr. Lee showed decreased motion and tenderness, and Mr. Lee reported pain that worsened with motion and lifting. Dr. Gitlin referred Mr. Lee to occupational therapy and advised Mr. Lee that he could be out of work for at least six months due to his injuries from the ship fire and explosion.

## G. William REED

1. Carly Miller, MD
   Amelia Psychiatry
   1865 Lime Street Suite 100
   Fernandina Beach, FL 32034
   (904) 321-8400

Dr. Miller is an unretained, treating psychiatrist for Mr. Reed.

Subject matter: The subject matter of Dr. Miller's testimony will be all aspects of the care and treatment provided to Mr. Reed, including Mr. Reed's

medical conditions, Mr. Reed's prognosis, the cause of Mr. Reed's conditions, and the costs and limitations associated with the same. Dr. Miller's opinions are derived from her treatment of Mr. Reed.

Summary of Facts and Opinions: Dr. Miller will testify regarding her psychiatric treatment of Mr. Reed following the ship and fire explosion. Dr. Miller began treating Mr. Reed shortly before the ship and fire explosion, on June 2, 2020, and continued to treat him throughout 2020 and 2021. Mr. Reed complained of depression and increased anxiety after the ship and fire explosion, and would feel tightness in his chest when attending work as a result of the explosion. Mr. Reed also experienced, among other things, flashbacks, irritability, poor sleep, fatigue, and panic symptoms. Dr. Miller diagnosed Mr. Reed with post-traumatic stress disorder, major depression, insomnia, and anxiety, and prescribed him Prozac, Prazosin, and Buspar. Dr. Miller will opine that the ship and fire explosion caused a permanent aggravation of Mr. Reed's preexisting anxiety and depression as well as Post Traumatic Stress Disorder.

**2.** Chris Bartkowiak, M.Ed., LMHC
Suite 202, 1912 Hamilton St.
Jacksonville, FL 32210
904-476-5336

Chris Bartkowiak is a licensed mental health counselor who treated Mr. Reed on August 26, 2020 and thereafter for mental stressors stemming from the ship and fire explosion and his resulting injuries. He is expected to testify regarding his extensive treatment and counsel of Mr. Reed, including visualizations and EMDR techniques, and the impact of the ship fire and explosion on Mr. Reed's mental and physical health.

## H.  Kristopher JOLLY

1. Shands Jacksonville Emergency Room Doctors
   Firas G. Madbak, M.D.
   Jesse Zadell, M.D.
   Jay Khadpe, M.D.
   655 W 8th Street
   Jacksonville, FL 32209

Doctors Zadell, Khadpe and Madbak are unretained, treating physicians for Kristopher Jolly. These doctors rendered critical emergency care to Chief Jolly for the harm he suffered immediately after the fire and explosion at issue.

Subject matter: The subject matter of the emergency-room doctors' testimony will be all aspects of the care and treatment they rendered to Kristopher Jolly, including Chief Jolly's medical conditions, prognosis and future care and treatment, the cause of his injuries, and the costs and limitations associated with the same. The emergency room doctor's opinions are derived from their treatment of plaintiff immediately after the explosion.

Summary of Facts and Opinions:  Doctors Zadell, Khadpe, and Madbak

are expected to testify consistent with the medical records that on June 4, 2020,

Chief Jolly arrived at Shands Jacksonville ER via ambulance as a result of

injuries caused by a blast and explosion, including the inhalation of steam and

flame. These doctors examined Chief Jolly and observed, among other things:

Blast injury to head/neck; severe charring burn to scalp/forehead; severe

blistering burns to eyebrows/cheek; severe charring, blistering, redness burns

to all fingers and palms on both hands. Exam: skin visible sloughing off hands

and ears, redness to face and eyes, multiple 2d and 3d degree burns.  Head

trauma, headache, abdominal pain, shortness of breath, nausea, scratchiness

to both eyes, Full thickness 2nd degree burns to L and R hands.

These doctors will testify that they performed a differential diagnosis on

Chief Jolly and diagnosed a closed head injury, scalding injures, bilateral hand

burns, ear burns, and face burns.

They will also testify that given the severity of his condition, Plaintiff

was transferred to the UF Gainesville Burn Center for surgery and continuing

care on June 4, 2020.

2.  Shands at The University of Florida
    4002 NW 22nd Drive
    Gainesville FL 32605
    Joshua S. Carson, MD (Burn Surgeon and follow-ups)
    Linda Atteberry, MD (Burn Unit)

Alexandra Ladd, MD
Mario Font-Garcia (Burn Surgeon)
Andrew Bowman, MD (Ophthalmology)
Andrew Smith, MD (Discharge)
Gena Hartman, APRN (Burn Clinic – follow up)

These medical providers rendered critical emergency care to Kristopher Jolly for the harm he suffered. Chief Jolly was initially transported to Shands but was transferred to the burn unit in Gainesville on June 4, 2020, and discharged June 10, 2020. Joshua S. Carson, MD and Gena Hartman, APRN rendered follow-up care on June 18 and 25, July 8, August 20, September 16, 2020, as well as other dates.

Subject matter: The subject matter of these treating doctors' testimony will be all aspects of the care and treatment they rendered to Kristopher Jolly, including Chief Jolly's medical conditions, prognosis and future care and treatment, the cause of his injuries, and the costs and limitations associated with the same. These opinions are derived from their treatment of plaintiff immediately after the explosion in Shands Gainesville from June 4 through 10, 2020 as well as all follow-up care provided after the initial surgeries and hospitalization.

Summary of Facts and Opinions: These doctors are expected to testify consistent with the medical records that Kristopher Jolly arrived at the hospital for treatment of burns 2-3% bilateral hands, ears; burns third degree,

face burns second degree, and exposure to smoke, fire and flames. That as a result of his injuries the following surgeries were performed on or about June 8, 2020: 1) excision and preparation of trunk and extremities wounds - 300cm2; 2) Autograft application to face, hands, feet, perineum - 10cm2; 3) Epidermal autograft to trunk and extremities - 40cm2; 4) Epidermal autograft to face, hands, feet, perineum - 300cm2.

Dr. Bowman is expected to testify that he examined Chief Jolly's eyes at the hospital on June 4, 2020 and noted "flashburn" to his face and scratchiness of both eyes.  Dr. Bowman performed an eye examination, noting (as to both eyes) "singeing of eyebrows and periorbital erythema and burns; mid edema of upper/lower lids with singing of lashes".  He prescribed prescriptions and directed follow up care.

Gena Hartman APRN is expected to testify that she treated Chief Jolly on June 18 and June 25, 2020, related to follow-up care.  She is expected to testify regarding the photographs taken at those visits as well the ongoing burn treatment assessment and her observations: pain around all burn areas, difficulty moving, burned areas, anxiety, constipation from narcotics, serious drainage from wound sites, burn on ear not healing and patient having body image disturbances, vision changes and eye irritation, anxiety, difficulty moving hands, and her instructions that Chief Jolly not return to work.

These treaters will also testify regarding the post-surgical care up through the present and the ongoing issues stemming from the burns and resulting surgery. This includes all aspects of the recovery and specifically issues related to hand strength, increased sensitivity to hands, face and ears, and body image disturbances. There were also injections and scarring, as well as photographs taken to document the treatment, including the donor sites. These providers diagnosed Chief Jolly with acute stress disorder, carpal tunnel, hearing loss, and recommended continued therapy and future laser surgery to deal with the scarring.

3. Memorial ENT
   3627 University Blvd S Ste 500
   Jacksonville, FL 32216
   David Carlson, D.O.

Dr. Carlson, an unretained treating physician, began treating Kristopher Jolly on June 24, 2020, for ringing in his ears/burns to hair and face, hearing loss, tinnitus, and left ear drainage.

Subject matter: The subject matter of Dr. Carlson's testimony will be all aspects of the care and treatment rendered to Chief Jolly, including Jolly's medical conditions, prognosis and future care and treatment, the cause of his injuries, and the costs and limitations associated with the same. All opinions will be derived from his treatment of Chief Jolly.

Summary of Facts and Opinions: Dr. Carlson will testify that he examined Chief Jolly initially on June 24, 2020 and multiple times thereafter, and that he rendered the following diagnoses: 1. explosion/rupture, 2. burn face, 3. burn left ear, 4. hearing loss both ears, 5. tinnitus both ears, 6. epistaxis, 7. impacted cerumen left ear.  He will also opine that he subsequently diagnosed left auricular burn injury encompassing entirety of ear canal with areas of erythema and purulent drainage, external auditory canal occluded with cerumen on the left, deviated septum, sensorineural hearing loss from blast injury noise exposure, bilateral tinnitus, and noise effect both ears. He will also testify regarding his subsequent assessments post-surgery with photographs, continuing difficulties with scarring and hearing, and future care needs including laser therapy to left tragus, right check, and both hands.

4. Carlos Torrellas, MD
   4190 Belfort Road, Suite 140
   Jacksonville, FL 32216

Dr. Torrellas, an unretained treating physician, began treating Kristopher Jolly on August 10, 2020, for psychiatric evaluation.

Subject matter: The subject matter of the Dr. Carlson's testimony will be all aspects of the care and treatment rendered to Chief Jolly, including Jolly's medical conditions, prognosis and future care and treatment, the cause of his

injuries, and the costs and limitations associated with the same. All opinions will be derived from treatment.

Summary of Facts and Opinions: Dr. Torrellas will testify that he evaluated Kristopher Jolly, how Chief Jolly felt trapped and thought he was going to die, how Jolly suffers constant thoughts and images of the event and gasping for air, is paralyzed upon entering stairwells, has difficulty sleeping and remaining asleep because of intrusive thoughts and sensations of falling down, has become hypervigilant and overreactive, has experienced a decrease in motivation and energy, detached from others, trembling speech when talking about the event depressed mood, and has become detached from others. Dr. Torrellas will testify that he ultimately diagnosed Kristopher Jolly with post-traumatic stress disorder, prescribed medication and therapy, and concluded that it was not appropriate for Chief Jolly to return to work.

5. Universal Neurological Care,
   8823 San Jose Blvd., Suite 209
   Jacksonville, FL 32217
   Syed Asad, M.D., Neurology

Dr. Asad, an unretained treating physician, began treating Kristopher Jolly on June 26, 2020, for numbness, tingling, and stinging in feet, pain, difficulty sleeping, night sweats, nose bleeds, chest pressure, and continued ringing in ears (among other symptoms)

Subject matter: The subject matter of the Dr. Asad's testimony will be all aspects of the care and treatment rendered to Chief Jolly, including Jolly's medical conditions, prognosis and future care and treatment, the cause of his injuries, and the costs and limitations associated with the same. All opinions will be derived from treatment.

Summary of Facts and Opinions: Dr. Asad will testify that he examined Chief Jolly initially on June 26, 2020 and multiple times thereafter. He will testify regarding all testing performed and ordered as well as treatment provided. He will describe the circumstances surrounding his diagnoses of insomnia, myalgia, post-traumatic stress disorder, tinnitus bilateral, paresthesia of skin and myofascial pain. He will also opine regarding the 8% whole person impairment rating he assigned Kristopher Jolly.

6. Kelsey Keimig, MD (audiology)
   3200 S 3rd Street, Ste 101
   Jacksonville, FL 32250

Dr. Keimig is an unretained audiologist who began treating Kristopher Jolly on December 10, 2020, for bilateral tinnitus increasing and interfering with ability to understand and vibration in right ear.

Subject matter: The subject matter of the Dr. Keimig's testimony will be all aspects of the care and treatment rendered to Chief Jolly, including Jolly's medical conditions, prognosis and future care and treatment, the cause of his

injuries, and the costs and limitations associated with the same. All opinions will be derived from treatment.

Summary of Facts and Opinions: Dr. Keimig treated Chief Jolly on several occasions and she will opine as to his hearing loss, bilateral tinnitus and future prognosis. She diagnosed sensorineural hearing loss and bilateral tinnitus aggravated by the injuries sustained on the ship. She ultimately prescribed and fitted hearing aids and proceeded to monitor and adjust the care over time. All opinions will be derived from treatment.

## I.  Matthew CIPRIANI

1. Shands Jacksonville Emergency Room Doctors
   655 W 8th St
   Jacksonville, FL 32209
   Rohlt Patel, MD (ER)
   Austin Reed, MD (ER)
   Firas Madbak, MD (Surgery Consult)

Doctors Madbak, Reed, and Patel are unretained, treating physicians for Matthew Cipriani. These doctors rendered critical emergency care to Chief Cipriano for the harm he suffered immediately after the fire and explosion at issue.

Subject matter: The subject matter of the emergency-room doctors' testimony will be all aspects of the care and treatment they rendered to Matthew Cipriani, including Chief Cipriani's medical conditions, prognosis

and future care and treatment, the cause of his injuries, and the costs and limitations associated with the same. The emergency room doctor's opinions are derived from their treatment plaintiff immediately after the explosion.

Summary of Facts and Opinions:  Doctors Madbak, Reed, and Patel are expected to testify consistent with the medical records that on June 4, 2020, Chief Cipriani arrived at Shands Jacksonville ER via ambulance as a result of injuries caused by a blast and explosion, including the inhalation of steam and flame.  These doctors examined Chief Cipriani and observed, among other things: blast injury to head and neck, burns to head, face, and bilateral hands, and exposure to smoke fire and flames face ears and hands burn.

These treaters will testify that they performed a differential diagnosis on Chief Cipriani and diagnosed partial thickness burns of bilateral hands with multiple digits including partial thickness burn of thumb.  They also took multiple photos and concluded their patient should be transferred to the Burn Center in Gainesville due to meeting criteria for definitive burn treatment. The transfer was effectuated on June 4, 2020.

2. Shands at The University Of Florida
   4002 NW 22nd Drive
   Gainesville FL 32605
   Joshua Carson, MD (attending at burn center)
   Gena Hartman, APRN (follow up at burn center)

Subject matter: The subject matter of this treating provider's testimony will be all aspects of the care and treatment they rendered to Matthew Cipriani, including Chief Cipriani's medical conditions, prognosis and future care and treatment, the cause of his injuries, and the costs and limitations associated with the same. These opinions are derived from their treatment plaintiff immediately after the explosion in Shands Gainesville from June 4 through 5, 2020 as well as all follow-up care provided after the initial surgeries and hospitalization.

Summary of Facts and Opinions:  Dr. Carson is expected to testify consistent with the medical records that Matthew Cipriani arrived at the hospital for treatment of second degree burns to hands, first degree burns to left ear, and burns to face – "blast injury."  Dr Carson and nurse Hartman may also testify regarding the post-surgical care up through the present and the ongoing issues stemming from the burns and resulting treatments.  This includes all aspects of the recovery.

3. John Tanner, D.O.
   Beaches Addictive & Behavioral Health
   340 16th Avenue North, Jacksonville Beach, Fl 32250

Dr. Tanner is an unretained physician who treated Chief Cipriani beginning on July 29, 2020 and continuing thereafter.

Subject matter: The subject matter of this treating provider's testimony will be all aspects of the care and treatment he rendered to Matthew Cipriani, including Chief Cipriani's medical conditions, prognosis and future care and treatment, the cause of his injuries, and the costs and limitations associated with the same. Chief Cipriani was examined by Dr. Tanner concerning his fitness for returning to work as a firefighter despite the injuries sustained.

Summary of Facts and Opinions:  Dr. Tanner performed a mental assessment concerning alcohol disorder, chronic pain issues, constant nightmares, and flashbacks stemming from and/or aggravated by the injuries sustained in fire/explosion. His impressions: 1) alcohol dependence, 2) evaluate for early stages PTSD, 3) pain disorder associated with psychological factors and medical condition (residual from burns).  His diagnoses: 1) severe second degree burns with residual pain, 2) chronic intermittent low back pain, spondylolisthesis.  He would further testify concerning the medications prescribed and the treatment recommended as well as consultation with Melissa Busnot, LCSW regarding continuing treatment.

4. Universal Neurological Care, P.A.
   8823 San Jose Blvd., Suite 209
   Jacksonville, FL 32217
   Syed Asad, M.D., Neurology

Dr. Asad, an unretained treating physician, began treating Matthew Cipriani on August 19, 2020, for hand pain, burning/pin sensation bilateral hands, numbness, tenderness, PTSD, anxiety nightmares, change in appetite, mood changes, and sleep problems.

Subject matter: The subject matter of the Dr. Asad's testimony will be all aspects of the care and treatment rendered to Chief Cipriani, including Cipriani's medical conditions, prognosis and future care and treatment, the cause of his injuries, and the costs and limitations associated with the same. All opinions will be derived from treatment.

Summary of Facts and Opinions: Dr. Asad will testify that he examined Chief Cipriani initially on August 19, 2020 and multiple times thereafter as a result of injuries sustained in the fire/explosion. He will testify regarding all testing performed and ordered as well as treatment provided. He will describe the circumstances surrounding his diagnosis of PTSD and nerve injury. He will also testify regarding his continuing treatment and prescriptions and the results of EMG testing: polyneuropathy and right ulnar entrapment neuropathy, hands difficult to warm due to bilateral persistent hypothermia, hands sensitive to heat. He will also opine regarding the 5% whole person impairment rating he assigned Matthew Cipriani at MMI and describe his plan of care.

5. Melissa Busnot, LCSW
   4741 Atlantic Blvd. Suite B-3
   Jacksonville, FL 32207

Melissa Busnot is a licensed clinical social worker and certified employee assistance professional who treated Chief Cipriani on July 15, 2020 and thereafter for mental stressors stemming from the incident and his resulting injuries. She is expected to testify regarding her extensive treatment and counsel of Chief Cipriani and the impact of the ship fire and explosion on Chief Cipriani's mental and physical health.

6. IAFF Center for Excellence
   13400 Edgemeade Rd Upper Marlboro, MD 20772
   Audra N. Gillis, LCSW,

Audra Gillis is a licensed clinical social worker who treated Chief Cipriani from 9-20-2021 through 10-27-2021 for alcohol use disorder and severe dependence. She would testify that Chief Cipriani successfully completed the detoxification process and received a certificate of completion after being completely sober during length of treatment. She would testify regarding the specifics of the impatient treatment and her observations and treatment of Chief Cipriani. She would also discuss how his treatment involved processing his "near death experience" in the ship fire and resulting post-traumatic stress disorder.

## J.  Shawn O'SHELL

1.  Shands Jacksonville Emergency Room Doctors
    655 W 8th Street
    Jacksonville, FL 32209
    Thomas Kunisaki, MD
    Adam Greeley, M.D. (resident)
    Rohit Patel, M.D.
    Austin Reed, MD

Doctors Kunisaki, Greeley, Patel, and Reed are unretained, treating physicians for Shawn O'Shell.  These doctors rendered critical emergency care to Shawn O'Shell for the harm he suffered immediately after the fire and explosion at issue.

Subject matter: The subject matter of the emergency-room doctors' testimony will be all aspects of the care and treatment they rendered to Shawn O'Shell, including Shawn O'Shell's medical conditions, prognosis and future care and treatment, the cause of his injuries, and the costs and limitations associated with the same. The emergency room doctor's opinions are derived from their treatment plaintiff immediately after the explosion.

Summary of Facts and Opinions:  These ER doctors are expected to testify consistent with the medical records that on June 4, 2020, Shawn O'Shell arrived at Shands Jacksonville ER via ambulance as a result of injuries caused by a blast and explosion.  These doctors examined Shawn O'Shell and observed, among other things: patient in severe pain in both hands as a result of

traumatic blast injury with blistering. Second degree burns to multiple left fingers including thumb, second degree burns to multiple right fingers including thumb.  Erythema at burn sites and burn lesions on both hands involving significant amounts of dorsal surface.

These doctors will testify that they performed a differential diagnosis on Shawn O'Shell and diagnosed second degree burns to both hands, prescribed medication for extreme pain, and facilitated the transfer to the Burn Center in Gainesville via ambulance.

They will also testify that given the severity of his condition, Shawn O'Shell was transferred to the UF Gainesville Burn Center for surgery and continuing care on June 4, 2020.

2. Shands at The University of Florida
   4002 NW 22nd Drive
   Gainesville FL 32605
   Scott C. Brakenridge, M.D. (Admission)
   Joshua Carson, MD (Discharge)
   Tara Garrison, APRN (follow-up)
   Peter Vonu, MD (follow-up 11-4-20)

These medical providers rendered critical emergency care to Shawn O'Shell for the harm he suffered.  Shawn O'Shell was initially transported to Shands but was transferred to the burn unit in Gainesville on June 4, 2020, and discharged June 9, 2020.  He also received follow-up care.

Subject matter: The subject matter of these treating doctors' testimony will be all aspects of the care and treatment they rendered to Shawn O'Shell, including Shawn O'Shell's medical conditions, prognosis and future care and treatment, the cause of his injuries, and the costs and limitations associated with the same. These opinions are derived from their treatment plaintiff immediately after the explosion in Shands Gainesville from June 4 through 9, 2020 as well as all follow-up care provided after the initial surgeries and hospitalization.

Summary of Facts and Opinions:  These doctors are expected to testify consistent with the medical records that Shawn O'Shell arrived at the hospital for treatment of a blast injury – burns on bilateral hands.  As a result of the injuries excisional debridement of bilateral hands was attempted (but not successful and had to be repeated).  Skin grafts were required.  The diagnoses were: Burn 3rd degree of right hand; Burn 3rd degree of left hand; Burn 2nd degree of multiple left fingers not including thumb; Burn 2nd degree of multiple right fingers not including thumb; Burn 2nd degree of left wrist; Burn 2nd degree of right wrist; Burns involving less than 10% of body surface; Replace right hand skin with autologous substance partial thickness, extremity; Replace left hand skin with autologous substance partial thickness, extremity; Replace left lower arm skin with autologous substance, Cel Susp, Extern; Replace left hand skin with autologous substance, Cel Susp, extern

Replace right hand skin with autologous substance, Cel Susp, extern Excision of left lower arm skin.

Tara Garrison, APRN is expected to testify that she treated Shawn O'Shell for follow-up care. She is expected to testify regarding the photographs taken at those visits as well the ongoing burn treatment assessment and her observations: pain around all burn areas, difficulty moving, burned areas, anxiety, constipation from narcotics, serious drainage from wound sites, burn on ear not healing and patient having body image disturbances, vision changes and eye irritation, anxiety, difficulty moving hands, and her instructions that Shawn O'Shell not return to work.

Peter Vonu, MD, examined Shawn O'Shell on November 4, 2020 (5 month follow up) and concluded that the burns had reached maximum medical improvement, but that further hand surgery may be needed and to remain off duty pending orthopedic surgery evaluation but cleared to return from burn perspective as long as gloves worn at all times.

These treaters will also testify regarding the post-surgical care up through the present and the ongoing issues stemming from the burns and resulting surgery. This includes all aspects of the recovery and specifically issues related to hand strength, increased sensitivity to hands, and continuing pain. The photographs taken to document the treatment, including the donor sites, will be discussed.

3.  Vincent Galiano, MD
    The Magnolia Medical Group
    8031 Philips Hwy., Suite 6
    Jacksonville, FL 32256

Dr. Galiano is an unretained, treating physician for Shawn O'Shell. He is board certified in family medicine. Dr. Galiano rendered care and treatment to Mr. O'Shell for the harm he suffered as a result of the explosion at issue in this case beginning on August 7, 2020.

Subject Matter: The subject matter of Dr. Galiano's testimony will be all aspects of the care and treatment he rendered to Mr. O'Shell, including Mr. O'Shell's medical conditions, Mr. O'Shell's prognosis and future care and treatment, the causation of Mr. O'Shell's injuries, and the costs and limitations associated with the same. Dr. Galiano's opinions are derived from his treatment of Mr. O'Shell and his review of Mr. O'Shell's medical records reviewed during the course of the same.

Summary of Facts and Opinions: Dr. Galiano will testify that on August 7, 2020, Mr. O'Shell presented to his office for symptoms that had been occurring since he was injured in the ship explosion approximately 2 months earlier, including mental fogginess and difficulty concentrating, difficulty sleeping, nightmares, feeling guilty for giving up and thinking he was going to

die, feeling depressed/anxious and for pain in his left hand with numbness, scarring, and inability to flex his fingers.

Dr. Galiano assessed Mr. O'Shell with post concussive symptoms, post-traumatic stress/anxiety, partial thickness burns of hand and fingers, insomnia, acute nightmare disorder and associated non-sleep disorder. Dr. Galiano prescribed Trazodone and Temazepan, and referred Mr. O'Shell to Dr. Asad for neurology and Dr. Kaplan for psychiatry. Dr. Galiano will also testify that he examined and treated Shawn O'Shell for follow-up care.

4. Carlos Torrellas, MD
   4190 Belfort Road, Suite 140
   Jacksonville, FL 32216

Dr. Torrellas, an unretained treating physician, began treating Shawn O'Shell on August 24, 2020, for a psychiatric evaluation.

Subject matter: The subject matter of the Dr. Torrellas' testimony will be all aspects of the care and treatment rendered to Shawn O'Shell, including O'Shell's medical conditions, prognosis and future care and treatment, the cause of his injuries, and the costs and limitations associated with the same. All opinions will be derived from treatment.

Summary of Facts and Opinions: Dr. Torrellas will testify that he evaluated Shawn O'Shell for difficulty sleeping, feelings of guilt, inability to handle stress, overwhelming nervousness, and inability to return to work. He

will testify his patient was experiencing sensations of "going to die" in head daily, experiencing sadness, hyperactivity, hyperarousal, nightmares, difficulty sleeping, and stress in marriage affecting communication. Dr. Torrellas will testify that he ultimately diagnosed Shawn O'Shell with post-traumatic stress disorder, adjustment disorder with mixed emotional features, and referred Mr. O'Shell for cognitive psychotherapy.

5. Universal Neurological Care
   8823 San Jose Blvd., Suite 209
   Jacksonville, FL 32217
   Syed Asad, M.D., Neurology

Dr. Asad, an unretained treating physician, began treating Shawn O'Shell on September 1, 2020, for tinnitus, pain of 9/10 in hands, numbness and tingling in both hands, anxiety, insomnia and nightmares.

Subject matter: The subject matter of the Dr. Asad's testimony will be all aspects of the care and treatment rendered to Shawn O'Shell, including O'Shell's medical conditions, prognosis and future care and treatment, the cause of his injuries, and the costs and limitations associated with the same. All opinions will be derived from treatment.

Summary of Facts and Opinions: Dr. Asad will testify that he examined Shawn O'Shell initially on September 1, 2020 and subsequently thereafter for follow-up. He will testify regarding all testing performed and ordered as well as treatment provided. He will describe the circumstances surrounding his

diagnoses and treatment of burn to left hand, burn to right hand, myalgia, myofascial pain, paresthesia, legion of ulnar nerve, post-traumatic stress disorder, and entrapment of deep palmer branch ulnar nerve. He will also testify referred Mr. O'Shell to a hand surgeon. He may also opine as to EMG test performed and the abnormal results.

6. Christopher Goll, MD
   Southeast Orthopedic Specialists
   6500 Bowden Rd Ste 103
   Jacksonville, FL 32216

Dr. Goll, a unretained physician, examined Shawn O'Shell on December 9, 2020 (however O'Shell underwent physical therapy at Southeast orthopedics for months as a result of his injuries), for bilateral aching hand pain, improvement in range of motion, inability to grasp tightly with left hand, bilateral numbness in small and ring fingers, degreased mobility, numbness and stiffness.

Subject matter: The subject matter of the Dr. Goll's testimony will be all aspects of the care and treatment rendered to Shawn O'Shell, including O'Shell's medical conditions, prognosis and future care and treatment, the cause of his injuries, and the costs and limitations associated with the same. All opinions will be derived from treatment.

Summary of Facts and Opinions: Dr. Goll will testify that Shawn O'Shell completed months of physical therapy at Southeast Orthopedics and that he concluded Mr. O'Shell reached maximum improvement on December 9, 2020. He will explain that he diagnosed a 5% permanent impairment rating for the hands and 5% for the upper extremity as a result of the injury sustained from the incident.

7. Melissa Busnot, LCSW
   4741 Atlantic Blvd. Suite B-3
   Jacksonville, FL 32207

Melissa Busnot is a licensed clinical social worker and certified employee assistance professional who treated Shawn O'Shell in July 2020 for psychological trauma related to near death experience. She treated and counseled Shawn O' Shell and recommended immediate counseling at IAFF Center for Excellence for sleep disturbances. She is expected to testify regarding her treatment and counsel of Shawn O' Shell and the impact of the ship fire and explosion on his mental and physical health.

8. Quinton Smith, LCSW
   University of Central Florida
   UCF Restores
   Psychology Building
   411 Pictor Lane
   Orlando, FL 32816-1391

Quinton Smith is a licensed clinical social worker who treated Shawn O'Shell in January 2021, for mental injuries stemming from the explosion. He would testify: "The patient reported he has been experiencing intrusive thoughts (e.g., thoughts pop into head), morbid thoughts (e.g., what could happen to him in a fire), an increase in irritability (e.g., yells at wife and children more often), difficulties falling and staying asleep (e.g., nightmares wake from sleep; intrusive thoughts inhibit falling asleep), and an increase in physiological distress caused by intrusive thoughts (e.g., increase in heart rate, sweating, breathing, chest feels tight). The patient reported he believes these symptoms are related to his experiencing of responding to a shipboard fire that resulted in the patient sustaining injuries that required hospitalization." He would also testify that he diagnosed post-traumatic stress disorder and recommended that Mr. O'Shell undergo weekly exposure therapy at UCF Restores.

## J.  Wesley MILLER

1. Shands Jacksonville Emergency Room Doctors
   655 W 8th Street
   Jacksonville, FL 32209
   David Caro, MD
   Thomas Kunisaki, MD

Doctors Caro and Kunisaki, are unretained, treating physicians for Wes Miller. These doctors rendered critical emergency care to Wes Miller for the harm he suffered immediately after the fire and explosion at issue.

Subject matter: The subject matter of the emergency-room doctors' testimony will be all aspects of the care and treatment they rendered to Wes Miller, including Wes Miller's medical conditions, prognosis and future care and treatment, the cause of his injuries, and the costs and limitations associated with the same. The emergency room doctor's opinions are derived from their treatment plaintiff immediately after the explosion.

Summary of Facts and Opinions: These ER doctors are expected to testify consistent with the medical records that on June 4, 2020, Wes Miller arrived at Shands Jacksonville ER via ambulance as a result of injuries caused by a blast and explosion. These doctors examined Wes Miller and observed, among other things: traumatic burns/pain to upper extremity. Examination: skin hot and red, diaphoretic, face/nose/cheeks/chin with first degree redness, extreme pain, second degree thermal burns left palm and dorsal right hand, tenderness and swelling, tachycardia.

These doctors will testify that they performed a differential diagnosis on Wes Miller and diagnosed joint swelling, arthralgias, partial thickness wounds to bilateral hands involving all fingers. They would also testify he sustained

8% total body burns to both hands and face, ocular pain and hearing loss in right ear as a result of the fire/explosion.

They will also testify that given the severity of his condition, Wes Miller was transferred to the UF Gainesville Burn Center for surgery and continuing care on June 4, 2020.

2. Shands at The University of Florida
   4002 NW 22nd Drive
   Gainesville FL 32605
   David Meurer, MD
   Alexandra Ladd, MD (resident)
   Tara Garrison, APRN (follow-up)

These medical providers rendered critical emergency care to Wes Miller for the harm he suffered.  Wes Miller was initially transported to Shands but was transferred to the burn unit in Gainesville on June 4, 2020.  He also received follow-up care.

Subject matter: The subject matter of these treating doctors' testimony will be all aspects of the care and treatment they rendered to Wes Miller, including Wes Miller's medical conditions, prognosis and future care and treatment, the cause of his injuries, and the costs and limitations associated with the same. These opinions are derived from their treatment to plaintiff immediately after the explosion in Shands Gainesville from June 4 through 5, 2020 as well as all follow-up care provided after the initial hospitalization.

Summary of Facts and Opinions: These doctors are expected to testify consistent with the medical records that Wes Miller arrived at the hospital for treatment of: blast injury – pain to bilateral burns to hands, hearing loss scratchiness in both eyes, and pain in right eye. An examination was performed, and pictures were taken. They would testify regarding the wound care and debriding as well as a surgical consult obtained.

Tara Garrison, APRN is expected to testify that she treated Wes Miller for follow-up care. She is expected to testify regarding the photographs taken at those visits as well the ongoing burn treatment assessment and her observations: yellow and green drainage from hand burn wounds, ruptured blisters, and eschar present. She would also opine regarding the diagnosis of burn of multiple fingers on both hands and the need for pain control. She could also testify regarding her initial order not to return to work and subsequent clearance for light duty (6-22-20) and finally return to full employment with gloves (8-3-20).

These treaters will also testify regarding the post-surgical care up through the present and the ongoing issues stemming from the burns and resulting surgery. This includes all aspects of the recovery and specifically issues related to hand strength, increased sensitivity to hands, and continuing pain. They will also discuss the photographs taken to document the treatment.

3.  Vincent Galiano, MD
    The Magnolia Medical Group
    8031 Philips Hwy., Suite 6
    Jacksonville, FL 32256

Dr. Galiano is an unretained, treating physician for Wes Miller. He is board certified in family medicine. Dr. Galiano rendered care and treatment to Mr. Miller for the harm he suffered as a result of the explosion at issue in this case beginning on August 20, 2020.

Subject Matter: The subject matter of Dr. Galiano's testimony will be all aspects of the care and treatment he rendered to Wes Miller, including Mr. Miller's medical conditions, Mr. Miller's prognosis and future care and treatment, the causation of Mr. Miller's injuries, and the costs and limitations associated with the same. Dr. Galiano's opinions are derived from his treatment of Mr. Miller and his review of Mr. Miller's medical records reviewed during the course of the same.

Summary of Facts and Opinions: Dr. Galiano will testify that on August 20, 2020, Mr. Miller presented to his office for symptoms that had been occurring since he was injured in the ship explosion approximately 2 months earlier, including changes in sensation in hands and difficulty with fine motor skills due to tremors, forgetfulness, anxiety, and nightmares.

Dr. Galiano performed an examination and observed a positive tremor in both hands that is constant and does not change with rest or movement.

Dr. Galiano diagnosed Mr. Miller with 1) tremor both hands, partial thickness burns of multiple sites of left hand, 3) partial thickness burns of multiple sites of right hand, post concussive syndrome, and post-traumatic stress anxiety. Dr. Galiano would also testify that he referred Mr. Miller to Dr. Asad for further evaluation. Dr. Galiano will also testify that he examined and treated Wes Miller for follow-up care several times after the initial visit.

4. Universal Neurological Care, P.A.
   8823 San Jose Blvd., Suite 209
   Jacksonville, FL 32217
   Syed Asad, M.D., Neurology

Dr. Asad, an unretained treating physician, began treating Wes Miller on September 29, 2020, for decreased sensation in hands, tingling bilateral hands, tremors in hands, fogginess/lightheadedness, and anxiety.

Subject matter: The subject matter of Dr. Asad's testimony will be all aspects of the care and treatment rendered to Wes Miller, including Mr. Miller's medical conditions, prognosis and future care and treatment, the cause of his injuries, and the costs and limitations associated with the same. All opinions will be derived from treatment.

Summary of Facts and Opinions: Dr. Asad will testify that he examined Wes Miller initially on September 29, 2020 and subsequently thereafter for follow-up.  He will testify regarding all testing performed and ordered as well

as treatment provided.  He will describe the circumstances surrounding his examination, diagnoses, and treatment for: 1) concussion with loss of consciousness, 2) paresthesia of skin, and 3) tremors.  He may also opine regarding all aspects of the multiple tests ordered including EMG, MRI, DTI, and SWI.

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

## PLAINTIFFS' RULE 26(A)(2)

## TABLE OF ATTACHMENTS

### LIABILITY

1. **Captain Mitchell S. Stoller**

| | |
|---|---|
| **Exhibit 1**: REPORT | Plaintiffs' EXB 106-A-001 |
| ▪ CURRICULUM VITAE | Plaintiffs' EXB 107-A-001 |
| ▪ TESTIMONY LIST | Plaintiffs' EXB 107-A-001.001 |
| ▪ FEE SCHEDULE | Plaintiffs' EXB 107-A-001.002 |

2. **Captain Tom Bolcar**

| | |
|---|---|
| **Exhibit 2**: REPORT | Plaintiffs' EXB 106-A-002 |
| ▪ CURRICULUM VITAE | Plaintiffs' EXB 107-A-002 |
| ▪ TESTIMONY LIST | Plaintiffs' EXB 107-A-002.001 |
| ▪ FEE SCHEDULE | Plaintiffs' EXB 107-A-002.002 |

3. **Paul T. Way, PE, CFI, CFEI, PI**

| | |
|---|---|
| **Exhibit 3**: REPORT | Plaintiffs' EXB 106-A-003 |

*Qualifications of the Author* (5.0), *4-year Testimony* (6.0) plus *Compensation* (8.0) are contained in his report.

### INJURY / DAMAGES

4. **Craig Lichtblau, M.D., P.A.**

REPORTS:
| | | |
|---|---|---|
| ▪10/7/2021 CIPRIANI | **Exhibit 4** | Plaintiffs' EXB 106-A-004-**A** |
| ▪10/10/2021 JOLLY | **Exhibit 5** | Plaintiffs' EXB 106-A-004-**B** |
| ▪11/6/2021 LEE | **Exhibit 6** | Plaintiffs' EXB 106-A-004-**C** |
| ▪11/6/2021 O'SHELL | **Exhibit 7** | Plaintiffs' EXB 106-A-004-**D** |
| ▪11/6/2021 MILLER | **Exhibit 8** | Plaintiffs' EXB 106-A-004-**E** |
| ▪11/6/2021 REED | **Exhibit 9** | Plaintiffs' EXB 106-A-004-**F** |

| | |
|---|---|
| ▪ CURRICULUM VITAE | Plaintiffs' EXB 107-A-004 |
| ▪ TESTIMONY LIST | Plaintiffs' EXB 107-A-004.001 |
| ▪ FEE SCHEDULE | Plaintiffs' EXB 107-A-004.002 |

### 5.  Jeffrey A. Danzinger, M.D.

REPORTS:

| | | |
|---|---|---|
| ▪ 9/29/2021 <u>CIPRIANI</u> | **Exhibit 10** | Plaintiff's EXB-106-A-005-**A** |
| ▪ 10/1/2022 <u>O'SHELL</u> | **Exhibit 11** | Plaintiff's EXB-106-A-005-**B** |
| ▪ 10/2/2022 <u>MASCI</u> | **Exhibit 12** | Plaintiff's EXB-106-A-005-**C** |
| ▪ 10/4/2022 <u>REED</u> | **Exhibit 13** | Plaintiff's EXB-106-A-005-**D** |
| ▪ 11/15/2022 <u>BANKS</u> | **Exhibit 14** | Plaintiff's EXB-106-A-005-**E** |
| ▪ 11/21/2022 <u>DRYSDALE</u> | **Exhibit 15** | Plaintiff's EXB-106-A-005-**F** |

| | |
|---|---|
| ▪ CURRICULUM VITAE | Plaintiffs' EXB 107-A-005 |
| ▪ TESTIMONY LIST | Plaintiffs' EXB 107-A-005.001 |
| ▪ FEE SCHEDULE | Plaintiffs' EXB 107-A-005.002 |
| ▪ LITIGATION PERCENTAGE | Plaintiffs' EXB 107-A-005.003 |

### 6.  Wade C. Myers, M.D.

REPORTS:

| | | |
|---|---|---|
| ▪ Jeremy <u>LEE</u> | **Exhibit 16** | Plaintiffs' EXB 106-A-007-**A** |
| ▪ Wesley <u>MILLER</u> | **Exhibit 17** | Plaintiffs' EXB 106-A-007-**B** |
| ▪ Kristopher <u>JOLLY</u> | **Exhibit 18** | Plaintiffs' EXB 106-A-007-**C** |

| | |
|---|---|
| ▪ CURRICULUM VITAE | Plaintiffs' EXB 107-A-007 |
| ▪ TESTIMONY LIST | Plaintiffs' EXB 107-A-007.001 |
| ▪ FEE SCHEDULE | Plaintiffs' EXB 107-A-007.002 |

## 7.  Gil Spruance, MS, CRC, CVE, VE, CLCP, MSCC

REPORTS:

- Jeremy <u>JOLLY</u>      **Exhibit 19**      Plaintiffs' EXB 106-A-006-**A**
- Wesley <u>LEE</u>      **Exhibit 20**      Plaintiffs' EXB 106-A-006-**B**
- William <u>REED</u>      **Exhibit 21**      Plaintiffs' EXB 106-A-006-**C**

| | |
|---|---|
| ▪ CURRICULUM VITAE | Plaintiffs' EXB 107-A-006 |
| ▪ TESTIMONY LIST | Plaintiffs' EXB 107-A-006.001 |
| ▪ FEE SCHEDULE (Deposition) | Plaintiffs' EXB 107-A-006.002 |
| ▪ FEE SCHEDULE (PI Case) | Plaintiffs' EXB 107-A-006.003 |

## 8.  Lori A. Cowan, MS, LPC, LMFT, MHC, CRC, CLCP, ABDA

REPORTS:

- Jeremy <u>LEE</u>      **Exhibit 22**      Plaintiffs' EXB 106-A-008-**A**
- Wesley <u>MILLER</u>      **Exhibit 23**      Plaintiffs' EXB 106-A-008-**B**

| | |
|---|---|
| ▪ CURRICULUM VITAE | Plaintiffs' EXB 107-A-008 |
| ▪ TESTIMONY LIST | Plaintiffs' EXB 107-A-008.001 |
| ▪ FEE SCHEDULE | Plaintiffs' EXB 107-A-008.002 |

## 9.  Fred Raffa

- 10/10/2021 <u>CIPRIANI</u>      **Exhibit 24**      Plaintiff's EXB-106-A-009-**A**
- 10/07/2022 <u>JOLLY</u>      **Exhibit 25**      Plaintiff's EXB-106-A-009-**B**
- 10/07/2022 <u>O'SHELL</u>      **Exhibit 26**      Plaintiff's EXB-106-A-009-**C**
- 10/07/2022 <u>LEE</u>      **Exhibit 27**      Plaintiff's EXB-106-A-009-**D**
- 10/07/2022 <u>MILLER</u>      **Exhibit 28**      Plaintiff's EXB-106-A-009-**E**
- 10/07/2022 <u>REED</u>      **Exhibit 29**      Plaintiff's EXB-106-A-009-**F**

| | |
|---|---|
| ▪ CURRICULUM VITAE | Plaintiffs' EXB 107-A-009 |
| ▪ TESTIMONY LIST | Plaintiffs' EXB 107-A-009.001 |

| ▪ FEE SCHEDULE | Plaintiffs' EXB 107-A-009.002 |
|---|---|

**\*\*\***

**PAJCIC & PAJCIC, P.A.**

*/s/ Thomas F. Slater*
THOMAS F. SLATER, ESQ.
  Florida Bar No. 614114
CURRY G. PAJCIC, ESQ.
  Florida Bar No. 021301
BENJAMIN E. RICHARD, ESQ.
  Florida Bar No. 13896
RAYMOND P. REID, Jr., ESQ.
  Florida Bar No. 50245
One Independent Drive, Suite 1900
Jacksonville, Florida 32202-5013
904/ 358-8881
904/ 354-1180 (FAX)
Primary E-mails: curry@pajcic.com
        tom@pajcic.com
        ben@pajcic.com
        ray@pajcic.com
Secondary E-mails:  rose@pajcic.com
         nancya@pajcic.com
         mhill@pajcic.com
         michelle@pajcic.com
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on this 12th day of January 2023, a true and correct copy of the foregoing instrument has been furnished by mail and electronic transmission to the following counsel of record:

| SSA ATLANTIC, LLC | HÖEGH AUTOLINERS SHIPPING AS AND HÖEGH AUTOLINERS MANAGEMENT AS |
|---|---|
| Bouhan Falligant, LLP<br>  Dennis B. Keene Esquire,<br>  Todd M. Baiad, Esquire,<br>  Lucas D. Bradley, Esquire<br>  Bouhan Falligant, Esquire<br>  One West Park Avenue (3401)<br>  P.O. Box 2139<br>  Savannah, GA  31402-2139<br>    dkeene@bouhan.com<br>    tmbaiad@bouhan.com<br>    lbradley@bouhan.com | Moseley Prichard Parrish Knight & Jones<br>  James F. Moseley, Jr., Esquire<br>  Shea M. Moser, Esquire<br>  501 West Bay Street<br>  Jacksonville, FL 32202<br>    jmoseleyjr@mppkj.com<br>    smoser@mppkj.com |
| **HORIZON TERMINAL SERVICES, LLC** | **GRIMALDI DEEP SEA** |
| Hamilton, Miller & Birthisel, LLP<br>  Jules V. Massee, Esquire<br>  Brandon P. Volk, Esquire<br>  100 South Ashley Drive,<br>  Suite 1210, Tampa, FL 33602<br>    jmassee@hamiltonmillerlaw.com<br>  JVMserve@hamiltonmillerlaw.com<br>    bvolk@hamiltonmillerlaw.com | Banker Lopez Gassler, P.A.<br>  David F. Pope, Esquire<br>  Eric C. Thiel, Esquire<br>  501 East Kennedy Blvd., Suite 1700<br>  Tampa, FL 33602-5241<br>    Service-dpope@bankerlopez.com<br>    Service-ethiel@bankerlopez.com<br>    ethiel@bankerlopez.com<br>    dpope@bankerlopez.com |

**PAJCIC & PAJCIC, P.A.**

*/s/ Thomas F. Slater*

THOMAS F. SLATER, ESQ.
  Florida Bar No. 614114
CURRY G. PAJCIC, ESQ.
  Florida Bar No. 021301
BENJAMIN E. RICHARD, ESQ.
  Florida Bar No. 13896
RAYMOND P. REID, Jr., ESQ.
  Florida Bar No. 50245
One Independent Drive, Suite 1900
Jacksonville, Florida 32202-5013
904/ 358-8881
904/ 354-1180 (FAX)
Primary E-mails: curry@pajcic.com
                 tom@pajcic.com
                 ben@pajcic.com
                 ray@pajcic.com
Secondary E-mails:  rose@pajcic.com
                 nancya@pajcic.com
                 mhill@pajcic.com
                 michelle@pajcic.com
**Attorneys for Plaintiffs**