UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KRISTOPHER JOLLY, et al.,

    Plaintiffs,

v.                                           Case No. 3:20-cv-1150-MMH-MCR

HOEGH AUTOLINERS
SHIPPING AS, et al.,

    Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants' Joint Motion to Bifurcate Trial into Liability and Damages Phases Under Rule 42(b) (Doc. 119; Motion) filed on July 31, 2023. Plaintiffs oppose bifurcation. See Plaintiffs' Amended Response in Opposition to Defendants' Joint Motion to Bifurcate Trial into Liability and Damages Phases (Doc. 159; Response) filed on August 17, 2023. For the foregoing reasons, Defendants' Motion will be denied.

## DISCUSSION

The Court presumes the parties' familiarity with the facts of this case. Defendants seek bifurcation and separate trials on the issues of liability and damages. Motion at 2. Defendants contend that bifurcation will make trial more manageable and efficient. Id. In support of their argument, Defendants

offer three reasons for bifurcation: (1) splitting up the liability and damages phases can <u>potentially</u> save the Court, jury, and witnesses time and money if the jury returns a verdict for Defendants on the liability issue; (2) Defendants will suffer prejudice if the jury sees evidence of burn-victim damage when determining liability; and (3) the evidence for the two phases does not generally overlap and, therefore, two trials would allow for the orderly presentation of evidence. <u>Id.</u> at 2–3. Plaintiffs contend that bifurcation would unnecessarily prejudice them and greatly reduce the possibility of pretrial settlement. <u>See</u> Response at 1.

Federal Rule of Civil Procedure 42(b) states, in part, that a court "may order a separate trial of one or more separate issues" for "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Courts within the Eleventh Circuit have held that Rule 42(b) "confers broad discretion on the district court." <u>Krug v. Celebrity Cruises, Inc.</u>, No. 16-22810-Civ-Scola, 2017 WL 5640729, at *1 (S.D. Fla. Apr. 13, 2017) (quoting <u>Harrington v. Cleburne Cnty. Bd. of Educ.</u>, 251 F.3d 935, 938 (11th Cir. 2001)); <u>see also</u> <u>McKenzie v. U.S. Tennis Ass'n Inc.</u>, No. 6:22-cv-615-PGB-LHP2022 WL 19336464, at *2 (M.D. Fla. Aug. 18, 2022) ("The determination of whether to bifurcate is left to the sound discretion of the Court.").

As a general matter, courts prefer one trial and "bifurcation is not the usual course that should be followed." <u>See</u> <u>McKenzie</u>, 2022 WL 19336464, at

2

\*1; see also Bandsuch v. Werner Enters., Inc., No. 2:05-cv-305-FtM-34SPC, 2007 WL 9706002, at \*1 (M.D. Fla. Dec. 20, 2007) ("[B]ifurcation is not routinely granted."). When evaluating whether bifurcation is proper, courts look to the following factors:

> (1) convenience; (2) prejudice; (3) expedition; (4) economy; (5) whether the issues sought to be tried separately are significantly different; (6) whether they are triable by jury or the court; (7) whether discovery has been directed to a single trial of all issues; (8) whether the evidence required for each issue is substantially different; (9) whether one party would gain some unfair advantage from separate trials; (10) whether a single trial of all issues would create the potential for jury bias or confusion; and (11) whether bifurcation would enhance or reduce the possibility of a pretrial settlement.

Wyndham Vacation Ownership, Inc. v. Bluhm, No. 6:19-cv-2300-WWB-LHP, 2022 WL 18492537, at \*1 (M.D. Fla. Mar. 1, 2022) (quoting Medtronic Xomed, Inc. v. Gyrus ENT LLC, 440 F. Supp. 2d 1333, 1334 n.2 (M.D. Fla. 2006)). The predominant consideration, however, is "a fair and impartial trial to all litigants through a balance of benefit and prejudice." Kremer v. Lysich, No. 3:19-cv-887-BJD-JBT, 2022 WL 18358957, at \*1 (M.D. Fla. June 27, 2022) (quoting Medtronic Xomed, Inc., 440 F. Supp. 2d at 1334). The party seeking bifurcation bears the burden of demonstrating that bifurcation serves these purposes. See Wyndham Vacation Ownership, Inc., 2022 WL 18492537 at \*1.

Here, Plaintiffs are firefighters who responded to a fire onboard the Hoegh Xiamen while it was docked in Jacksonville, Florida in June 2020. See

3

First Amended Complaint (Doc. 5; Amended Complaint) ¶¶ 5, 17. The dispute arises out of injuries that Plaintiffs allege they suffered as a result of fighting that fire. Id. ¶ 45. Discovery in this case has proceeded for the last two and a half years with the expectation of a single trial. Response at 1. At trial, both parties plan to call Plaintiffs, physicians, and experts to testify. See, e.g., Response at 8. To maximize efficiency on medical testimony, the parties each seek to present physicians to testify regarding multiple Plaintiffs. Id.

As a preliminary matter, the Court notes that bifurcation often reduces the possibility of pretrial settlement. See, e.g., Medtronic Xomed, Inc., 440 F. Supp. 2d at 1334 n.2 (noting that courts should consider whether bifurcation would enhance or reduce the possibility of pretrial settlement). Indeed, as a colleague on this Court has noted, in some cases bifurcation only reduces the likelihood of settlement. See, e.g., NuVasive, Inc. v. Absolute Med., LLC, No. 6:17-cv-2206-CEM-GJK, 2021 WL 7184488, at *9 (M.D. Fla. Nov. 12, 2021) ("As to the remaining applicable factors considered by courts in this circuit, these too weigh against bifurcation . . . bifurcation would greatly reduce the possibility of pretrial settlement."). While not dispositive, this weighs in favor of denying the Motion.

Defendants argue that the Court, jury, and witnesses could all save time and money should the Court grant bifurcation and Defendants win during the liability phase. Motion at 1–3. This argument fails to supply a justification for

4

bifurcation because it merely describes the nature of a trial; "a civil case by its very nature almost always involves the dual issues of liability and damages." Dzafic v. Geovera Specialty Ins. Co., No. 8:08-0026-T-24EAJ, 2008 WL 3874602, at *1 (M.D. Fla. Aug. 15, 2008).

Defendants also contend that there is a special potential for jury prejudice arising from damages evidence, especially with burn victims. See Motion at 17–18. To prevent the jury from wrongfully assigning liability, Defendants argue that bifurcation is necessary so that exhibits and testimony as to the damages caused by the burns are not introduced in the liability phase. Id. Defendants rely on Thomas v. C.G. Tate Construction Co. for the proposition that burn injuries "incite[] extreme sympathy for the plaintiff and would inflame [the jury]." Thomas v. C.G. Tate Constr. Co., 465 F. Supp. 566, 569 (D.S.C. 1979). Conveniently, Defendants neglect to mention that the court in Thomas did allow photographic evidence of the burn victim to be presented to the jury during the trial. Id. at 571. Here, Defendants have not presented any evidence of a "special or unique risk of prejudice such that any risk outweighs the additional inconvenience, expense, and delay that would result from bifurcation." Krug, 2017 WL 5640729, at *2.

Finally, Defendants argue that bifurcation facilitates convenience because the evidence can be split neatly into liability and damages trials and that, except for the testimony of Plaintiffs, no overlap of evidence exists. See

5

Motion at 14. Defendants through this argument, however, point out that there <u>will</u> be duplicative testimony; if bifurcation is granted, Plaintiffs will have to testify in the liability phase and then again during the damages phase. <u>Id.</u> at 16. Eleven plaintiffs are still parties to this suit. Even if in-court testimony moves at an expeditious rate, this likely still equates to an <u>extra week</u> of testimony. In other words, bifurcation of the liability and damages phases will not be expedient. This fact alone suffices to deny bifurcation.

In light of the foregoing, it is hereby

**ORDERED:**

Defendants' Joint Motion to Bifurcate Trial into Liability and Damages Phases Under Rule 42(b) (Doc. 119) **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 26th day of March, 2024.

_____
MARCIA MORALES HOWARD
United States District Judge

Copies to:
Counsel of Record